OCT. TERM
1835.

J. & J. Clark
v.
Shultz.

———◦∗❈∗◦———

## J. & J. CLARK v. SHULTZ.

1. An improvement on the lands of the U. S. may be sold without writing; and is not affected by the statute of frauds.
2. Separate opinion of Judge Tompkins.

## ON APPEAL from the St. Francois Circuit Court.

Opinion of the court delivered by Wash J.

An improvement
on the lands of the
U. S. may be sold
without writing,
and is not affected
by the statute of
frauds.

This was originally a suit commenced before a justice of the peace by Shultz v. the Clarks, in which Shultz got judgment; the Clarks appealed to the circuit court, where on a trial de novo, Shultz again got judgment, from which the Clark's have appealed to this court.—It appears from the bill of exceptions in the cause, that the appellee sold by verbal contract to the appellants, an improvement which he had made on the public lands of the United States, for three hundred bushels of corn. Shultz gave the. Clarks possession of the improvement and took

OCT. TERM
1835.

J. & J. Clark
v.
Shultz.

from them two promissory notes, each for the payment of the hundred and fifty bushels of corn. The Clarks refused to pay the corn, and insisted that the contract for the purchase of Shultz's improvement being a verbal contract merely, was within our statute of frauds, (commonly so called,) and not at all binding, and that the promissory notes were void for want of consideration. This is the position taken by the appellants in this court; and the only question that need be decided is, whether the sale of an improvement on the public land is the sale of such an "interest in or concerning" the land itself as to make it necessary that the agreement, sale, or contract for the same, or some memorandum or note thereof should be in writing, and signed by the party to be charged &c., agreeably to the provisions of our statute defining the effect of contracts and promises. The 1st and 2d sections of our statute are taken from the statute of frauds—29 Car. 1. cap. 3. Numerous decisions on the British statute have settled that it extends only to a sale or transfer of land or some interest thereon.—11 East. 362; 2 M. & S. 205, 208; Chitty on con. 207; Rob'ts. on sta. of frauds 126–7.

In New York, under precisely such a statute as our own, it has been settled that an improvement on the public land, is not such an interest in or concerning the land, as to make it necessary to reduce the sale or contract for the transfer of it to writing.—5 J. R. 272–11 J. R. 145. In looking to the condition of our country, in which most of the land belongs still to the United States,—to the settlements in various quarters of the state which are extending much more rapidly than the surveys and sales of the public lands can be conveniently made, and to the fact that much labor and expense is of necessity employed on the public lands, in providing food, accommodation and comfort for the hardy and enterprising pioneer; we feel the more inclined to follow the New York decisions, and to leave the settlers free to dispose of their improvements as of their horses and cattle. In truth the very offer to sell the improvement and give up the accommodation and comfort which the squatter has obtained for himself by his labor on the public lands, excludes altogether the idea that he intends by the sale to pass away any title or interest in the soil. These improvements are often of much value to the new settler, and the person making the improvement, in building the cabin, and clearing the field; is regarded by the government as entitled to remuneration therefor, rather than as a trespasser; and

OCT. TERM
1835.

J. & J. Clark
v.
Shultz.

Separate opinion
of Judge Tomp-
kins.

from year to year, the right of pre-emption is extended by congress to cover such cases, and to reward the settler for his improvement on the public land. It forms then, a good and sufficient consideration for any contract or price the purchaser may agree to pay for the possession of such improvements. The judgment of the circuit court is therefore affirmed with costs,

Tompkins J.

I concur in this opinion, but for other reasons than those given by a majority of the court. The settler on public lands, although a trespasser, so far as the United States are concerned, has the right of possession against all the rest of the world. When he sells his improvement, he does no more than agree that he will quit his cabin and field for, and in consideration of a sum of money &c., paid, or to be paid to him by the purchaser, wishing perhaps to get into the possession of the same. The consideration of the promise to pay a sum of money to such settler, would be the inconvenience to which he submits in changing his place at the request of the person promising to pay; but if we regard the sale in this case, as a sale of an interest in land, still it is covered by the case of Bean, Oden & Rector, v. Valle &c., 2 vol. Mo. decisions p. 126. Shultz has secured himself by taking a promise in writing. If the other party neglected to secure themselves, he is not to suffer by it.