## Benjamin Zickafosse, plaintiff in error, *vs.* Abraham Hulick, defendant in error.

### *Error to Washington.*

A parol contract for the sale of improvements upon public lands, is valid, and is not such an interest in lands, as the statute of Frauds and Purjuries contemplates.

This was an action of assumpsit upon promises, instituted by Abraham Hulick, against Benjamin Zickafosse, in the District Court of Washington county.

The declaration sets forth, that the defendant, in the year 1839, promised to pay the plaintiff $150, for one moiety, or thereabouts, of a certain ' claim,' situated in the counties of Washington and Henry, then in the possession of, and belonging to the plaintiff, with an averment, that possession was given to the defendant, &c.

Plea, general issue and notice to introduce evidence of, 1. failure of consideration, 2. set off, 3. money had and received, &c.

At the November term, 1841, the case was submitted to a jury, and on the trial, the plaintiff introduced a witness to prove a parol contract for the sale of the claim, from the plaintiff to defendant, referred to in the declaration, which contract was never reduced to writing, nor the promise on which the plaintiff sought to recover, ever reduced to writing.

The defendant objected to the introduction of the evidence, on the ground that a claim was an interest in land within the meaning of the statute of frauds. Which objection was overruled by the court, and the

testimony permitted to go to the jury. To which opinion of the court, the defendant excepted.

Verdict and judgment for the plaintiff, for $65 damages, and costs $17,88½.

To reverse this judgment, the defendant below brings the cause to this court, on a writ of error, and assigns for error:

1. That the court erred in allowing the plaintiff below to prove the contract for the sale of the claim, referred to in the said plaintiff's declaration, by *parol* testimony, said contract not having been reduced to writing, although the sale was for such an interest in lands, as is embraced within the statute of frauds.

J. C. HALL, for plaintiff in error.

E. H. THOMAS, for defendant in error:

Defendant contends, that the ruling of the court below was correct. That supposing such a sale to be within the statute of frauds, it is saved by the law of Wisconsin, approved Dec. 3d, 1836, entitled "An act to provide for the collection of demands growing out of contracts for sales of improvements on public lands." Which same law was re-enacted word for word, in this territory, and approved January 15, 1839. See 1st volume Iowa Statutes, page 388. Which statutes make all parol contracts and assumpsits in relation to the public lands valid in law and equity. This statute was in force when the sale in the above suit was made and has been in force ever since. This statute was passed by the legislature expressly to validate such parol sales to claims, and save them from the operation of the statute of frauds, and this statute, so far as it conflicts with the statute of frauds, repeals the same.

But again, supposing we had no such statute, defendant contends that such parol sale would be good at common law, and that it does not pass such an interest in lands as is contemplated by the statute of frauds. Our statute of frauds in this respect is an exact copy of the British statute of frauds; 29 Car. I. Cap. 3, and numerous decisions of the English courts have settled that this statute applies to a sale of land or some interest therein. See 11 East. 362, 2 M. & S. 205, 208—Chitty on Con. 207. See also American Decisions—Bean. Oden & Rector vs. Valle, &c., 2d Vol. Mo. Rep. p. 126.

The point has been thus settled in New York, see 5 Johns. Rep. 272, 11 Johns. Rep. 145.

See also 2d Stark Evidence, note 1, to page 348, referring to Danforth vs. Lowry 1. Haywood, Tenn. Rep. 61, where it is held that "the terms ' lands, tenements and hereditaments,' in the statute of frauds, in Tennessee, does not comprehend an equitable estate; sales of occupant claims are therefore not within the statute."

Defendant contends then that such parol sale to improvements in the United States lands is not a sale of any interest in said lands, (especially in this case as will appear from the transcript) said interest both legal and equitable being in the United States, but is merely a sale of improvements (which in most cases is merely personal property) or in other words a sale of the labor of the vendor and the products of said labor to the vendee. See the case of J. & I. Clark vs. Shultz, 4 Mo. Rep., p. 235, and the reasoning of the court, where it is held that "An improvement on the land of the United States may be sold without writing and is not affected by the statute of frauds." See also the authorities referred to in that case.

BY THE COURT, WILSON, JUSTICE.—The only question which arises in this case is presented by the bill of exceptions which is as follows, viz:

"Be it known that on the trial of the above cause, the plaintiff introduced a witness to prove a parol contract for the sale of the claim of the plaintiff to defendant, referred to in his declaration, which contract was never reduced to writing, nor the contract on which plaintiff sought to recover ever reduced to writing. The defendant objected to the introduction of the evidence on the ground that a claim was an interest in land within the meaning of the statute of frauds, which was overruled by the court, and the testimony permitted to go to the jury, to which defendant excepts, &c."

Is a parol sale of improvements upon the public lands, such a sale as is affected by the statute of frauds? The 1st. 2d and 3d sections of the statute of frauds in force here are taken from the statute of frauds, 29 Car. I. Cap. 3, and it is now well settled by numerous decisions, that this statute embraces within its provisions only sales or transfers of lands or some interest therein. 11 East. 362—2 M. & S. 205, 208 —Chitty on Con. 207—Robts. on Stat. of Frauds, 126–7—4 Mo. Rep. 235.

In Missouri where the statute of frauds is similar to that of ours, a case precisely in point will be found. See the case of Clark et al. vs. Shultz, 4 Mo. Rep. 235, where the court use the following language:

23

" In New York under precisely such a statute as our own, it has been settled that an improvement on the public land, is not such an interest in or concerning the land, as to make it necessary to reduce the sale or contract for the transfer of it to writing, 5 J. R. 272—11 J. R. 145. "

In that case judgment was rendered for the plaintiff on two promissory notes, the consideration of which was a verbal contract for the sale of the right of the plaintiff's to certain improvements upon the public lands. Whether there were statutes in those States, authorizing the collection of demands growing out of contracts for sales of improvements on public lands, does not appear from the decisions referred to. But here, at the time of making of the promise sued upon in this case, a law was in force enacting " that all contracts, promises, assumpsits or undertakings, either written or verbal, which shall be made hereafter in good faith and without fraud, collusion or circumvention, for sale, purchase, or payment of improvements made on the lands owned by the government of the United States, shall be deemed valid in law or equity, and may be sued for and recovered as in other contracts."

As the statute of frauds does not apply to such a contract or promise, and as the statute provides for the collection of these demands, the judgment below is affirmed.