THE STATE v. WALLACE ET AL.

1. **Fraudulent Transfer of Notes:** HUSBAND AND WIFE: FACTS NOT ESTABLISHING. The evidence in this case considered and *held* insufficient to show that a gift of certain notes by a husband to his wife was in fraud of creditors.

*Appeal from Buchanan District Court.*

SATURDAY, SEPTEMBER 26.

IN 1872 judgment for a fine and costs was rendered against the defendant Alex. McK. Wallace in the district court of Buchanan county. This action is brought to subject to the payment of the judgment certain land conveyed in 1870 to Wallace's wife, the defendant Annie E. Wallace. There was a decree for the plaintiff. The defendants appeal.

*John J. Ney*, for appellant.

*E. E. Hasner*, for appellee.

ADAMS, J.—In 1870 the defendant A. McK. Wallace, holding certain promissory notes against his brother, William Wallace, to the amount of $800, gave the notes to his wife, the defendant Annie E. Wallace, and she surrendered the notes to William in consideration of the conveyance to her by him of the land in question. At that time A. McK. Wallace had been in business as a partner with one Locke, under

the firm name of Locke & Wallace. The firm had become somewhat indebted for goods purchased, and a judgment for about $1,600 had been rendered against them.

The plaintiff contends that Annie E. Wallace received the notes against William Wallace as a gift from her husband, and at a time when he was insolvent, or contemplated insolvency; that she accordingly received the notes in fraud of her husband's creditors, and now holds the land, which was conveyed to her by William Wallace in consideration of her surrender of the notes, in trust for her husband's creditors, including the plaintiff. It is not contended that the transfer was made with an intention to defraud the plaintiff. It is impossible that there could have been such intention. The plaintiff was not then a creditor. Not only had its judgment for the fine not then been rendered, but the crime had not then been committed. The plaintiff's reliance is based upon the alleged fact that the transfer was made to defraud others who were at that time creditors.

Whether, if actual fraud in the transfer were proven, the plaintiff would be entitled to the relief claimed, we need not determine, because, in our opinion, it is not proven. The evidence upon the point is confused, meager and unsatisfactory. A. McK. Wallace seems to have owed very little, if any, unsecured indebtedness, except as a member of the firm of Locke & Wallace, and he testifies that that firm was solvent during the time that he was a member of it, and his testimony in this respect does not appear to be overcome.

The plaintiff relies mainly, as we understand, upon certain prior acts of A. McK. Wallace having the appearance of an attempt to conceal property. But these acts were done before the Locke & Wallace indebtedness was incurred; and without more evidence as to his financial condition then and afterwards we cannot say that they were fraudulent, still less that the transfer of the notes was fraudulent. In our opinion, the judgment of the district court must be

REVERSED.