JOHN F. WINANS v. GEORGE A. BEIDLER AND ARLINE
BEIDLER.

(Filed February 18, 1898.)

1. IMPROVEMENTS ON HOMESTEADS.  A homestead settler who makes
improvements upon· a tract of government land and whose entry
is afterwards cancelled, may remove the same after the land has
been awarded to an adverse settler.

2. INJUNCTION—*Properly Disallowed, When.*  Injunction should not be
granted where the law affords an adequate remedy.
   (Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before
James R. Keaton, District Judge.*

*J. H. Everest,* for plaintiff in error.

*Amos Green & Son,* for defendants in .error.

Opinion of the court by

DALE, C. J.: This case is brought here from Oklahomá
county to reverse the district court in a proceeding   in
injunction.   It appears from the record that Winans,
plaintiff in error, filed an application asking for an injunc-
tion to restrain George A. Beidler, one of the defendants
in error, from removing improvements placed by Beidler
upon a tract of land claimed by him as a homestead. That
Winans was a contestant against George A. Beidler be-
fore the United States land office for a tract of land, and
afterwards made final proof therefor and received a pat-
ent to the land.   Winans, as set forth in the application
for injunction, brought a suit of ejectment against Beid-
ler, and in the ejectment action set up a claim for dam-

ages. He alleges as grounds for the injunction that Beidler is about to remove the buildings and other improvements which he, Beidler, had placed upon the land; that they are fixtures and a part of the realty and belong thereto, and further, that Beidler is insolvent, and if allowed to remove the improvements he will have no property whatever out of which he may have the execution satisfied which he expects to obtain in the ejectment suit. Arline Beidler is the wife of George A. Beidler, and is made a party to the injunction proceedings for the purpose of cancelling a mortgage alleged to have been fraudulently given by the husband upon the improvements.

The court below denied the injunction in so far as it was sought to be made applicable to the improvements, the removal of which would not injure the soil, but granted an order against committing waste and the removal of trees, etc. The appellant contends, first, that the improvements, such as buildings and fences, being fixtures, and having been erected by Beidler upon the land of another, belong to the owner of the land; and, second, that the court should, by its order, have held such improvements to satisfy the judgment expected to be obtained in the ejectment suit.

Upon the first proposition our attention is directed to sec. 4, art. 7, ch. 65, Laws of Oklahoma, which reads as follows:

"When a person affixes his property to the land of another without an agreement permitting him to remove it, the thing affixed belongs to the owner of the land, unless he chooses to require the former to remove it: *provided*, that a tenant may remove from the demised premises any time during the continuance of his term anything affixed thereto for the purpose of trade, manufacture, or-

nament, or domestic use, if the removal can be effected without injury to the premises, unless the thing has, by the manner in which it is affixed, become an integral part of the premises."

This statute is but the re-enactment of the common law upon this subject. It appears that at common law a distinction was made between tenants who erected improvements for the purpose of carrying on trade or manufacture, and tenants, who, while upon agricultural lands, erected improvements for agricultural purposes. (*Van Ness v. Packard*, 2 Pet. 137; *Holmes v. Tremper*, 20 Johns, 29.)

We agree, however, with Mr. Justice Story in *Van Ness v. Packard, supra*, that no good reason can exist in this country for such a distinction, but our legislature having adhered to the common law rule, we, of course, feel bound to regard it in all cases where it may properly be invoked. The rule, as we take it, is not applicable to the case at bar. Improvements made by a settler upon government land are placed there with the consent of the government, and at a time when the land is not the property of an adverse settler. And a homestead settler cannot be held to be a tenant of his contestant.

In *Crocker v. Donovan*, 1 Oklahoma, 165, this court has passed directly upon the question we are now considering, and has held that:

"The relation of the homestead entryman who, by his entry at the land office, has seggregated the land from the public domain to the land which he occupies and improves, is *sui generis*, and does not exactly correspond to any of the tenancies at common law, but has more of the qualities of a tenancy for years, that is for five years; and the law is well setled that a tenant for years who erects buildings and other fixtures on land for the purpose of

business and trade is the owner of the improvements, provided he removes them within the term; and the right of removal extends to improvements made for agricultural purposes as well as for purposes of business and trade; and such improvements during the term do not belong to the owner of the fee, and are no part of the realty."

And further on in the same opinion, the following language is found:

"And while the title to the land is in the United States a homestead settler or entryman should be regarded as the absolute owner of the improvements, which he may sell and remove at leisure, and such improvements are not the property of the United States. Permanent improvements made upon public lands while the title is in the United States by persons who have settled upon such lands, have been recognized as private property from an early day."

We think most of the courts hold to the doctrine that improvements upon government land may be sold and transferred by the party placing them there. (*Turner v. Saunders*, 4 Scam. 527; *People v. Shearer*, 30 Cal. 656.)

And it has been uniformly and repeatedly held by courts that improvements on the public land are not an interest in the real estate in the meaning of the Statute of Frauds. (*Frear v. Herdenbegh*, 5 Johns, 272; *Clank v. Shultz*, 4 Mo. 235; *Pierson v. David*, 1 Ia. 26.)

The statute invoked by counsel for appellant evidently applies only where one person, without an agreement with another, relative to removal, places improvements upon the land, the fee of which is in another at the time the improvements are placed there. Under the laws of congress requiring these adverse settlers to reside upon and improve the homestead lands before they may acquire

title thereto, if we hold that such improvements are made for the use and benefit of the successful litigant, it would be a hardship upon the losing party to a contest proceeding which the law does not contemplate. We therefore hold that the judgment of the court was correct in so far as it refused to grant the injunction preventing Beidler from removing such improvements as he had placed upon the land and which might be so removed without injury to the soil. Counsel for appellant cite numerous authorities to the effect that courts will restrain a settler from removing trees and rocks or committing waste upon a homestead after the land has been awarded to another. The court below recognized this principle by granting the injunction preventing Beidler from removing trees, or in any manner committing waste.

As to the second contention of counsel for appellant: It is asserted that the court below should have enjoined the removal of the property, in order that the same might be held to satisfy any judgment for damages which appellant may procure in his ejectment suit. And our attention is directed to that part of sec. 249 of our code of civil procedure, which reads as follows:

"And when, during the pendency of an action, it shall appear, by affidavit, that the defendant threatens or is about to remove or dispose of his property, with the intent to defraud his creditors, or to render the judgment ineffectual, a temporary injunction may be granted to restrain such removal or disposition."

We think this provision of the statute refers more particularly to actions upon contracts, rather than to suits to recover a judgment for unliquidated damages. A creditor, as usually defined and understood, is one to whom money is due. Strictly speaking, a person whose

suit is founded upon a claim not arising upon contract, is not a creditor until his action is merged into a judgment. But aside from this, if, as alleged, the defendant, George A. Beidler, was disposing of his property with intent to hinder and delay his creditors, Winans has an adequate remedy by attachment, by which he may subject the property of such defendant to the payment of the expected judgment.

For the reasons above stated we are of the opinion that the judgment of the court below should be affirmed.

Keaton, J., having presided in the court below, not sitting; all the other Justices concurring.