STATE OF IOWA et al., Appellants, v. BESSIE MALECKY et al., Appellees.

CRIMINAL LAW: Plea of Guilty—State as Creditor. A *plea* of guilty in a criminal prosecution does not create the relation of creditor and debtor between the state and the accused, and a transfer of property by the accused after such plea and before the entry of judgment for a fine is not necessarily fraudulent as to the state. (See Book of Anno., Vol. 1, Sec. 1960.)

Headnote 1:    27 C. J. p. 470.

*Appeal from Linn District Court.*—F. L. ANDERSON, Judge.

SEPTEMBER 28, 1926.

Action in equity, in the nature of a creditor's bill, in the name of the State, to subject property in which a liquor nuisance was maintained, to the payment of a fine assessed against

the violator. The petition was dismissed, and the State appeals.
—*Affirmed.*

W. J. *Barngrover,* E. A. *Fordyce,* and G. K. *Thompson,* for
appellants.

*George* C. *Claassen,* for appellee.

STEVENS, J.—The facts in this case, as disclosed by the
record, are about as follows: Bessie and Joseph Malecky are
husband and wife, and for some years occupied the residence on
Lot 11, Block 3, Daniel's Park First Addition to the city of
Cedar Rapids, as a homestead. Joseph was, a part of the time,
employed in Chicago, but his wife resided on the premises and
looked after the family. Sometime prior to December 5, 1923,
an indictment charging Bessie Malecky with the crime of main-
taining a liquor nuisance was returned by the grand jury of
Linn County. On the above date, after a trial had been com-
menced, she withdrew her former plea of not guilty, and entered
a plea of guilty to the charge. A fine of $1,000 and costs was
assessed, and judgment entered against her therefor on Decem-
ber 15th. The homestead was owned jointly by the husband and
wife. On December 14th, she conveyed her interest therein to
him. The property has been sold to Clorine Goddard, but only a
nominal part of the consideration has been paid. The convey-
ance by the wife to the husband of her interest in the property
was voluntary and without consideration. Evidence was intro-
duced showing that the husband, appellee herein, prior to the
date of the conveyance and on different occasions had paid fines
for his wife in various prosecutions, and attorney fees aggre-
gating more than $1,300. It is not shown, however, that these
sums were paid with the expectation that they would be repaid
by the wife, or that there was ever any agreement to that effect.
The evidence also shows that title to the homestead was orig-
inally in the husband, and that he conveyed an undivided one-
half interest therein to his wife in pursuance of an oral promise
upon her part that she would not engage in the future in any
unlawful business, and that she would care for the family, and
be a good wife. The Malecky home was not a tranquil one, and
divorce proceedings were threatened by one or the other on

various occasions, and one action therefor was commenced by the wife, but later dismissed.

It will be observed that the judgment for the fine and costs was entered subsequent to the execution of the deed by Bessie Malecky to her husband. It is the theory of the State that, nevertheless, the relation of creditor and debtor existed between the State and the defendant in the liquor prosecution, upon the entry of her plea of guilty. The argument of counsel proceeds upon the theory of a contingent obligation which the defendant would be required to pay, the entry of judgment alone being necessary to mature it. The general rule as to contingent obligations is well established in most jurisdictions, but it does not appear to have been considered by this court. The doctrine is fully stated and authorities collected in 27 Corpus Juris 473. The nearest approach this court has ever made to the question here presented was in *State v. Wallace,* 67 Iowa 77. The dictum of that case is that the relation of creditor and debtor arises in cases of this character only after judgment. This seems to us to be sound, and we are of the opinion that the doctrine of a contingent obligation, which creates the relationship of creditor and debtor, is not applicable to the facts of this case. The rule has, however, in a few jurisdictions been applied to actions *ex delicto.* *Bongard v. Block,* 81 Ill. 186; *Chalmers v. Sheehy,* 132 Cal. 459 (64 Pac. 709); *Stewart v. Walterboro & W.. R. Co.,* 64 S. C. 92 (41 S. E. 827). The contrary rule prevails in a few jurisdictions. *Winans v. Beidler,* 6 Okla. 603 (52 Pac. 405); *Hutchinson v. Lamb* (Vt.), Brayt. 234.

The application of the rule to actions *ex delicto* is based upon the theory that the terms "creditor" and "debtor," as used in actions for a creditor's bill, are not given their strict or technical meaning. As already stated, the doctrine is not applicable to the present controversy.

The conclusion from the rule stated is that the conveyance was not fraudulent as against the appellant. This makes consideration of other questions discussed by counsel unnecessary.— *Affirmed.*

De Graff, C. J., and Faville and Vermilion, JJ., concur.