VITTO GATTO, Plaintiff, *v.* FLORENCE E. BOYD and Another, Defendants.

Supreme Court, Kings County, April 3, 1930.

*Ralph Boccia*, for the plaintiff.

*J. Krause*, for the defendant.

DUNNE, J.   Heretofore plaintiff instituted an action to recover damages for personal injuries alleged to have been occasioned by an automobile owned by one Boyd.   Subsequent to the date of the accident it is claimed that the latter transferred her property to another.   Plaintiff in the present action is seeking to set aside such conveyance under section 279 of the Debtor and Creditor Law (as added by Laws of 1925, chap. 254) as being fraudulent.   That section is to the effect that " where a conveyance made or obligation incurred is fraudulent as to a creditor whose claim has not matured he may proceed in a court of competent jurisdiction against any person against whom he could have proceeded had his claim matured,   *   *   * "   Defendant has moved to dismiss the complaint.   This raises directly the question whether the section quoted refers merely to a possible creditor whose claim arises *ex contractu*, or whether it extends to include a possible creditor whose claim arises *ex delicto*.   The attention of the court has not been directed to any case in this State where the point involved was adjudicated.   The cases of *Hill* v. *Bowman* (35 Mich. 191) and *Winans* v. *Beidler* (6 Okla. 603; 52 Pac. 405, 406) seem to bear out the contention of the defendant.   In the first of these it was held: " A disputed claim for damages sounding in tort is not a debt before it has been prosecuted to judgment, and does not constitute the claimant a creditor nor invest him with the right given by law to creditors to question voluntary transfers of their debtor's property."   In the second case it was stated: "A creditor, as usually defined and understood, is one to whom money is due.   Strictly speaking, a person whose suit is founded upon a claim not arising upon contract is not a creditor until his action is merged into a judgment."   However, there are a number of other cases to a contrary effect (*Bongard* v. *Block*, 81 Ill. 186, and cases therein cited; *Chalmers* v. *Sheehy*, 132 Cal. 459; 64 Pac. 709; *Anglin* v. *Conley*, 114 Ky. 741; 71 S. W. 926).

The wording of section 279 itself would seem to indicate that the present action is maintainable.   There it is stated that the action may be brought against " any person against whom he could

have proceeded had his claim matured." The plaintiff's claim would mature upon an affirmative judgment, and, before the enactment of the section quoted, would have laid the basis of an action to set aside a conveyance as being in fraud. The plaintiff here, of course, is not certain of recovery in his suit for the negligence of the defendant. But at least his claim on the defendant is a contingent one. As such I think he comes within the definition of " creditor " as set forth in section 270 of the Debtor and Creditor Law (as added by Laws of 1925, chap. 254). The general rule has been aptly expressed in 15 Corpus Juris, 1374, where it is stated: " The term ' creditor ' has been held sufficiently comprehensive to include those holding claims arising out of tort; persons entitled to damages for torts — being broadly construed in furtherance of the purposes of remedial statutes. When used in this sense the term includes not only the holder of a certain and fixed present debt, but every one having a right to damages capable of judicial enforcement, whether growing out of tort or contract."

I, therefore, hold that a claim arising *ex delicto* comes within the meaning of the statute. This is as it should be, for it cannot be said that a claim based upon alleged damages growing out of a breach of contract should give any greater rights to the prospective creditor than alleged damages arising out of injuries to the person. It may be noted that here the attention of the court is directed merely to the proposition of the sufficiency of the pleading in law, merely to the question of whether the action is *maintainable*. Upon that proposition the court holds that the complaint states a cause of action, and that the motion to dismiss same is to be denied. Under section 279 of the statute the court is given the discretion, among other things, of appointing a receiver or restraining a disposition of the property. Such application does not arise in the instant case, but, if and when it does, the *facts* of such case must themselves direct the proper adjudication. The disposition here is merely upon the efficacy of the pleading and not upon the sufficiency of the facts.