■ MARINE MIDLAND BANK-EASTERN NATIONAL ASSOCIATION, Respondent, v HAUFLER ASSOCIATES, INC., et al., Appellants, et al., Defendants.— Appeal from so much of an order of the Supreme Court at Special Term, entered April 5, 1976 in Saratoga County, as struck the amended answer of appellants Haufler Associates and Robert C. Haufler, granted summary judgment of foreclosure and sale to plaintiff and denied the motion of appellants Haufler Associates and Robert C. Haufler for a stay of the action pending determination of a cross claim by defendant Verrazzano College. The defendant Verrazzano College purchased certain premises from defendant Skidmore College, which premises are the subject matter of this action, located in the City of Saratoga Springs, consisting of some 85 buildings. Simultaneously with the delivery of a deed to the premises, Verrazzano College executed and delivered to appellant Haufler Associates, Inc., its note and mortgage covering the aforesaid premises in the principal amount of $2,350,000. On the same day Haufler Associates, Inc., assigned said mortgage to the plaintiff and entered into an agreement in writing, wherein it acknowledged that it was indebted to the plaintiff in the principal sum of $2,350,000 and agreed to pay the plaintiff the sum of $34,473.80 monthly until December 1, 1979 when the entire principal balance shall become due and payable. At the time of the execution of said agreement the appellant Robert C. Haufler executed and delivered to the plaintiff his personal guarantee of payment of the said sum of $2,350,000. Sometime thereafter, Verrazzano College executed and delivered its mortgage to the plaintiff covering the same premises in the principal amount of $325,000, which appears to have been duly approved by an order of the Supreme Court. This action was commenced for foreclosure of the two mortgages hereinabove set forth. This appeal is by the appellants Haufler Associates, Inc., and Robert C. Haufler only from an order of Special Term striking their amended answer, and granting plaintiff partial summary judgment of foreclosure and sale, and also denying appellants' motion for a stay of the foreclosure action pending determination of a cross claim by Verrazzano College. It is contended on this appeal that the allegations of fraud contained in appellants' first defense to this action, and their fifth defense addressed to the validity of the second mortgage executed by Verrazzano College to the plaintiff raise issues of fact requiring a trial. Appellants do not at this time raise any issue as to the denial of their motion for a stay. The issues raised are whether a written instrument setting forth an obligation to a bank is void if it was entered into solely because of the representation of an officer of the bank that it would not be enforced against the maker of the instrument; and whether appellants have any standing to question the validity of a mortgage obligation of a third party, and, if so, whether there are questions of fact as to its validity. The guarantee executed by the appellant Robert C. Haufler contains the following provision: "This Guaranty is absolute and unconditional and shall not be affected by any act or thing whatsoever, except as herein provided. No modification or amendment of any provision of this Guaranty shall be effective unless in writing and subscribed by a duly authorized officer of Bank." Appellants do not allege that the representations by plaintiff's officers were made subsequent to the time of execution of

the guarantee and other instruments. They do allege, however, that the oral representations of an officer of the plaintiff that the guarantee would not be enforced, and that the note would only be enforced against the defendant Verrazzano College, induced them to execute the guarantee and note. Thus, appellants contend that they were fraudulently induced to enter into the whole transaction, and that appellant Robert C. Haufler was fraudulently induced to execute his personal guarantee. Public policy affecting obligations due a bank require that a person who, for the accommodation of a bank executes an instrument which is in form a binding obligation, should be estopped from thereafter asserting that simultaneously the parties orally agreed that the instrument should not be enforced (*Rothschild v Manufacturers Trust Co.*, 279 NY 355; *Mount Vernon Trust Co. v Bergoff*, 272 NY 192; *First Nat. City Bank v Cooper*, 50 AD2d 518; *Franklin Nat. Bank v Skeist*, 49 AD2d 215). Since, therefore, the personal guarantee of Robert C. Haufler and the obligation of Haufler Associates, Inc., fall squarely under the rule prohibiting any device intended to give a false appearance to a transaction with a bank, Special Term properly struck appellants' first defense as insufficient as a matter of law. We conclude further that Special Term properly determined that appellants, not parties to the second mortgage executed by Verrazzano College to the plaintiff, have no standing to challenge the validity of that mortgage. In any event no factual issues are presented as to its validity. Accordingly, appellants' fifth defense was properly stricken and summary judgment of foreclosure and sale was also properly granted on this mortgage. Order affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Main and Herlihy, JJ., concur.