■ GRUMMAN AEROSPACE CORPORATION, Respondent, v BRUCE RICE et al., Appellants. [605 NYS2d 305] —In an action to set aside a conveyance of real property, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Luciano, J.), dated June 5, 1991, which denied their motion for summary judgment dismissing the complaint, and (2) an order of the same court, dated December 2, 1991, which denied their motion to reargue and renew their motion for summary judgment.

Ordered that the order dated June 5, 1991, is affirmed; and it is further,

Ordered that the appeal from the order dated December 2, 1991, is dismissed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The defendants Paula Rice and Bruce Rice contend that no triable issues of fact exist with regard to the plaintiff's causes of action predicated on Debtor and Creditor Law §§ 276, 275, and 273, because the moving papers establish, as a matter of

law, that the conveyance of Bruce Rice's one-half interest in his marital home to his wife, Paula Rice, was for fair consideration, did not leave him insolvent, and was not done with the intent to hinder, delay, or defraud his creditors. We disagree.

Although the defendants have offered an appraisal of the marital home and cancelled checks from Paula Rice to Bruce Rice which would appear to indicate that Paula Rice paid a fair market value for Bruce Rice's one-half interest in the marital home, the plaintiff has offered a separate appraisal which sets the value of the property considerably higher than that of the defendants' appraisal. Thus a question of fact exists as to whether Paula Rice did, in fact, pay a fair consideration for Bruce Rice's one-half interest in the home. Furthermore, a tax stamp on the deed appears to indicate that considerably less was paid for the one-half interest than the defendants have indicated. While the defendants argue that the tax stamp is simply a miscalculation by the County Clerk, they offer no documentary evidence to substantiate this claim, nor do they offer an affidavit of anyone with personal knowledge of this alleged mistake, such as the County Clerk.

On the issue of Bruce Rice's solvency following the conveyance, the defendants offer only the affidavit of Bruce Rice. However, this simply raises an issue of credibility to be decided by the trier-of-fact *(see, Denkensohn v Davenport,* 130 AD2d 860, 861-862). It is true that the plaintiff has offered no evidence in admissible form regarding the defendant Bruce J. Rice's insolvency following the conveyance. However, prior to any pretrial disclosure, such information would be exclusively within the knowledge of the defendant, and, this being so, summary judgment is inappropriate at this time *(see, Jered Constr. Corp. v New York City Tr. Auth.,* 22 NY2d 187, 194; *Yu v Forero,* 184 AD2d 506, 507).

Even if the issues of fair consideration and the defendant Bruce J. Rice's solvency following the conveyance were conclusively established, the plaintiff's cause of action predicated upon Debtor and Creditor Law § 276 would remain, since such a cause of action may lie even where fair consideration was paid and where the debtor remains solvent *(see, Scholtz v Yastrzemski,* 247 App Div 823; *Pattison v Pattison,* 301 NY 65, 73-74; *Elliott v Elliott,* 365 F Supp 450). It is the intent to "hinder, delay or defraud" with which Debtor and Credit Law § 276 is concerned. The determination of such intent is ordinarily a question of fact which cannot be resolved on a motion for summary judgment *(see, Farmers Prod. Credit Assn. v Taub,* 121 AD2d 681; *Furlong v Storch,* 132 AD2d 866, 867).

"[F]raudulent intent, by its very nature, is rarely susceptible to direct proof and must be established by inference from the circumstances surrounding the allegedly fraudulent act" *(Marine Midland v Murkoff,* 120 AD2d 122, 128). Transfers between husband and wife are ordinarily scrutinized very carefully *(see, Marine Midland v Murkoff,* 120 AD2d 122, 128, supra).* Here, the conveyance occurred at a time when Bruce Rice was under investigation by the Federal Government for fraudulent behavior, which would clearly expose him to financial liability. He ultimately pleaded guilty to charges arising out of that investigation. Additionally, Bruce Rice continues to live in the marital home *(cf., Southern Indus. v Jeremias,* 66 AD2d 178, 181; *Scola v Morgan,* 66 AD2d 228). Thus, enough indicia of fraud exist to warrant denial of the defendants' motion for summary judgment.

We also agree with the hearing court that the defendants have failed to offer a valid excuse as to why the alleged "new" evidence, offered upon their motion to renew, was not submitted with their original motion for summary judgment. Therefore, the motion should properly be denominated as one for reargument, the denial of which is not appealable *(see, Thrift Assns. Serv. Corp. v Legend of Irvington Joint Venture,* 152 AD2d 666, 668; *Mgrditchian v Donato,* 141 AD2d 513; *Foley v Roche,* 68 AD2d 558, 568).

We have examined the defendants' remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Ritter and Joy, JJ., concur.