■ QUALITY JEWELRY COMPANY, Appellant, v GENEVIT CREATIONS, INC., et al., Respondents. GOLDMARK, INC., Respondent, v GENEVIT CREATIONS, INC., et al., Respondents. ALL FORM TUBING, INC., Nonparty Respondent. [669 NYS2d 538] —Order, Supreme Court, New York County (Walter Schackman, J.), entered July 23, 1996, which granted the motions of respondent creditors for vacatur of judgment and related relief to the extent of vacating an order of the court dated March 24, 1993, a stipulation and order dated on or about July 1, 1993, and a judgment entered August 3, 1993, unanimously reversed, to the extent appealed from as limited by the briefs, on the law, without costs, judgment reinstated, and the matter remanded to Supreme Court for a hearing to assess the bona fides of the loan transactions between the parties, with enforcement of the judgment stayed pending the court's decision. Order, same court and Justice, entered August 16, 1996, which transferred venue of the matter to the Supreme Court, Kings County for purposes of joint discovery and trial together with another matter with which it was consolidated, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, without prejudice to further application upon Supreme Court's decision after the hearing.

Plaintiff Quality Jewelry Company is a jewelry wholesaler

and defendant Genevit Creations is a manufacturer of gold jewelry. The exact nature of the relationship between the two firms is not clear, but they shared a common address. In June 1992, at a time its security system was inoperative, defendant Genevit Creations is alleged to have been the victim of a gunpoint robbery in which some $3 million worth of jewelry and raw gold was taken, including $570,000 in gold delivered to Genevit by Goldmark, Inc., a supplier of raw gold to the trade. When Genevit's insurer, Lloyds of London, disclaimed coverage on the loss, Genevit brought suit in the Federal District Court for the Eastern District of New York. In the course of the proceedings, which were sealed by the District Court, the insurer entered into a stipulation settling the matter.

Beginning in January 1992, Quality and Genevit entered into a series of four loan transactions, the legitimacy of which is subject to question. The first of these loan agreements refers to three previous loan agreements between the parties dated March 1, 1991, May 1, 1991 and August 1, 1991. With the extension of the last of the four loans in August 1992, Genevit had ostensibly borrowed a principal sum of $4,372,317 from Quality, payment of which was guaranteed by Steve Dell, Genevit's president. These loans are the subject of the first action, which is the subject of the instant appeal.

Following a demand for payment in January 1993, Quality commenced this action against Genevit and Mr. Dell for summary judgment in lieu of complaint, supported by only the cursory affidavit of Quality's president, Iser Abramovitz. Defendants interposed no defense, and summary judgment was granted by order dated March 24, 1993. The parties entered into a stipulation, acknowledged by the signatories on July 9, 1993, in which Genevit assigned to Quality any and all claims it might have under its insurance policy. The stipulation, which lists Goldmark among Genevit's creditors, was so ordered by Supreme Court. Judgment was entered on August 3, 1993 in the amount of $4,381,245.65.

The second action, with which this case was consolidated by Supreme Court, was commenced in Kings County by Goldmark against Genevit in November 1993, seeking to recover for the $570,000 in gold stolen in the June 1992 robbery. Significantly, in the Kings County case, Steve Dell contended that the gold was not delivered to Genevit in connection with a sale but was only received in bailment, a position inconsistent with the listing of Goldmark as a creditor in the stipulation settling the New York County action. In a ruling issued in April 1995 adding Lloyds as a party defendant, the court concluded that New

York County Supreme Court is the appropriate forum in which to pursue claims that the loan transactions amounted to a fraudulent transfer to evade its creditors and directed Goldmark to make the subject motion to vacate judgment pursuant to CPLR 5015 (a) (3). At about this time, the Eastern District Court rendered a decision unsealing the record in that case, in which it expressed concern that Mr. Dell was "presenting one view of Genevit's relationship with Quality in this case in order to evade its obligation to compensate [counsel] after discharge and a different view when dealing with other creditors, such as Goldmark."

In September 1995, Goldmark submitted this motion, in which All Form Tubing, Inc., another creditor, intervened, seeking *inter alia*, to vacate the New York County judgment. Quality cross-moved to consolidate the case with the action pending in Kings County. In its memorandum decision, the court found a question of fact with respect to the existence of a pre-existing debt to intervenor All Form Tubing at the time of the robbery. The court also noted the lack of documentation of the 1991 loans referred to in the first of the subject loan agreements. While concluding that movants had not established "actual intent to defraud within the meaning of Section 276" of the Debtor and Creditor Law, the court held that vacatur was warranted because movants demonstrated a "highly collusive relationship between the parties" and the "complete failure by Quality to document its financial ability to make these very substantial loans." Notably, during the year in which Quality allegedly made $3.5 million in loans to Genevit, Quality reported retained earnings of less than a tenth of that amount, and net income of less than $100,000 to the Internal Revenue Service.

We agree with Supreme Court that the various statements made by the parties to the alleged loan agreements contain significant inconsistencies so as to cast grave doubt upon the validity of the loan transactions. We reverse only because the existence of a triable issue of fact with respect to the intent to defraud creditors pursuant to Debtor and Creditor Law § 276 precludes summary resolution (*Manufacturers & Traders Trust Co. v Lauer's Furniture Acquisition*, 226 AD2d 1056, 1058 [appeal No. 2] [citing *Grumman Aerospace Corp. v Rice*, 199 AD2d 365, 366], *lv dismissed* 88 NY2d 962) and the evidence as to fraudulent intent, although strong, does not justify summary disposition (*see, Quality Leasing & Mgt. Corp. v American Arbitration Assn.*, 245 AD2d 30). Likewise, lack of fair consideration for the loans pursuant to Debtor and Creditor

Law § 273 is a factual question precluding vacating the judgment without a hearing (see, Mencher v Weiss, 306 NY 1, 8 [contractual obligation supported by nominal consideration]; see also, Weiner v McGraw-Hill, Inc., 57 NY2d 458, 464-465 [court will not inquire as to the substantial value of consideration], citing Hamer v Sidway, 124 NY 538, 545). Concur—Wallach, J. P., Rubin, Tom and Andrias, JJ.