■ In the Matter of ROBERT F. SHELLY et al., Respondents, v SUSAN DOE, Appellant. [671 NYS2d 803] —White, J. Appeal from an order of the County Court of St. Lawrence County (Nicandri, J.), entered June 2, 1997, which, *inter alia*, granted petitioners' application, in a proceeding pursuant to CPLR 5239, to determine rights to certain property in the possession of petitioner William F. Shelly.

Petitioner Robert F. Shelly (hereinafter Shelly) was arrested after it was discovered he had been sexually abusing respondent over a period of several years. On December 1, 1993, shortly after Shelly's arrest, he surrendered his firearms to the State Police. Thereafter, on December 7, 1993, after having been advised by the State Police that he could transfer the firearms to another person who had a pistol permit, Shelly transferred, without fair consideration, 19 firearms valued between $2,500 and $5,730 to his brother, petitioner William F. Shelly. It appears that Shelly entered a guilty plea in the spring of 1994 and that in July 1994 respondent commenced a civil action against Shelly that culminated in a judgment of $602,443.29, which was entered on January 21, 1997. Respondent then issued an execution to the Sheriff of St. Lawrence County directing him to levy upon Shelly's interest in the firearms in his brother's possession (*see*, CPLR 5232 [b]). Petitioners commenced this special proceeding seeking a declaration that the transfer of the firearms was not a fraudulent conveyance (*see*, CPLR 5239) and respondent cross-petitioned for an order directing surrender of the firearms to the Sheriff. County Court determined that respondent was not entitled to relief

under Debtor and Creditor Law §§ 273, 275 or 276 and granted the petition. Respondent appeals.[1]

Debtor and Creditor Law § 273 provides that a conveyance made without fair consideration is fraudulent as to creditors if the transferor is or will be rendered insolvent. County Court found that respondent could not obtain relief under this statute because she was not a creditor; instead it found her to be a future creditor.[2] We disagree since, under the Debtor and Creditor Law's broad definition of "creditor",[3] it is now accepted that in tort cases the relationship of debtor and creditor arises the moment the cause of action accrues (*see, Marcus v Kane*, 18 F2d 722, 723; *Hansen v Cramer*, 39 Cal 2d 321, 323, 245 P2d 1059, 1060; *Gatto v Boyd*, 137 Misc 156; *see also*, 37 Am Jur 2d, Fraudulent Conveyances, § 145, at 818, 819). Therefore, inasmuch as respondent's cause of action arose prior to the subject transfer, we find that she was a creditor who could pursue relief under Debtor and Creditor Law § 273.

However, her entitlement to relief depends upon whether Shelly was rendered insolvent by the transfer of the firearms (*see, Hickland v Hickland*, 100 AD2d 643, 645, *appeal dismissed* 63 NY2d 951). When a transfer has been made without consideration, the initial burden to establish solvency is on the transferor (*see, United States v Carlin*, 948 F Supp 271, 277) and Shelly submitted a sworn statement showing that in December 1994 his net worth was $545,000. Respondent contends that this figure was arrived at without considering Shelly's probable liability on his existing debt to her as required by Debtor and Creditor Law § 271 (1). In our view the amount of his probable debt to respondent should not be considered as it was entirely speculative in 1993. Therefore, we find that respondent did not establish that Shelly was rendered insolvent by the transfer of the firearms, thereby precluding respondent's utilization of Debtor and Creditor Law § 273.

However, we reach a different conclusion in connection with two other sections of the Uniform Fraudulent Conveyance Act, i.e., Debtor and Creditor Law §§ 275 and 276. Section 275 is a constructive fraud provision which comes into play when a person making a conveyance without fair consideration intends or *believes* that he or she will incur debts beyond his or her

1. Petitioners have elected not to file a brief.

2. A future creditor is one who becomes a creditor after the date of the alleged fraudulent conveyance (30 NY Jur 2d, Creditors' Rights, § 396, at 512).

3. Debtor and Creditor Law § 270 defines "creditor" as a person having *any claim*, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent.

ability to pay them as they mature, and thus said conveyance becomes fraudulent as to both present and future creditors. In this regard the record raises factual issues regarding Shelly's ability to pay his debts, since in a 1997 civil trial Shelly stated that in 1991 he had a good indication of oncoming insolvency. Further, the transfer of the guns made to a family member without consideration occurred after Shelly's attorney advised him of the certainty of conviction on the criminal charges, thus presenting him with the prospect of incarceration and/or loss of income (*see, United States v Orozco-Prada*, 636 F Supp 1537, 1541, *affd* 847 F2d 836). Under these circumstances, we find that County Court erred in summarily dismissing respondent's claim under Debtor and Creditor Law § 275.

Assuming Shelly remained solvent after the transfer, relief was available to respondent pursuant to Debtor and Creditor Law § 276 if she established that Shelly acted with actual intent to hinder, delay or defraud her (*see, Grumman Aerospace Corp. v Rice*, 199 AD2d 365, 366). Because direct proof of actual intent is rare, creditors may rely on " ' "badges of fraud" ' " to establish an inference of fraudulent intent (*Pen Pak Corp. v LaSalle Natl. Bank*, 240 AD2d 384, 386). Factors that are considered "badges of fraud" are (1) a close relationship between the parties to the transaction, (2) a secret and hasty transfer not in the usual course of business, (3) inadequacy of consideration, (4) the transferor's knowledge of the creditor's claim and his or her inability to pay it, (5) the use of dummies or fictitious parties, and (6) retention of control of the property by the transferor after the conveyance (*see, MFS/Sun Life Trust-High Yield Series v Van Dusen Airport Servs. Co.*, 910 F Supp 913, 934).

Here, lacking direct proof of fraudulent intent, respondent has relied on the "badges of fraud" and the record shows a hurried, nonbusiness transfer between brothers, which must be scrutinized carefully, at a time when Shelly was under an indictment which would clearly expose him to criminal liability. Based on this, we find that enough indicia of fraud exists to warrant a hearing on the factual issues (*see, Grumman Aerospace Corp. v Rice, supra*, at 367).

Cardona, P. J., Mikoll, Mercure and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed respondent's cross petition based on Debtor and Creditor Law §§ 275 and 276, and, as so modified, affirmed.