■ WHITE ROSE FOOD et al., Appellants, v HUSSEIN MUSTAFA et al., Respondents. [674 NYS2d 438] —In an action to set aside a

fraudulent conveyance, the plaintiffs appeal from (1) so much of an order of the Supreme Court, Kings County (Dowd, J.), dated April 11, 1997, as granted the separate motions of the defendants Hussein Mustafa and Amal Mustafa, and the defendants Zahiah Abdallah and Mohmud H. Abdallah, a/k/a Mohmod Abdallah, for summary judgment dismissing the complaint insofar as asserted against them, and (2) an order of the same court, dated August 4, 1997, which denied those branches of their motion which were, in effect, for reargument and for leave to amend their complaint, and granted that branch of the motion of the defendants Hussein Mustafa and Amal Mustafa which was to vacate the lis pendens filed in this action.

Ordered that the order dated April 11, 1997, is reversed insofar as appealed from, the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against them are denied, and the complaint is reinstated; and it is further,

Ordered that the appeal from so much of the order dated August 4, 1997, as denied that branch of the plaintiffs' motion which was, in effect, for reargument, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated August 4, 1997, is reversed insofar as reviewed, the branch of the plaintiffs' motion which was for leave to amend their complaint as proposed is granted, the branch of the motion of the defendants Hussein Mustafa and Amal Mustafa which was to vacate the lis pendens filed in this action is denied, and the lis pendens is reinstated; and it is further,

Ordered that the appellants are awarded one bill of costs.

The allegations contained in the original complaint, as well as those contained in the plaintiffs' submissions in this case, if proved true, would be sufficient to serve as the basis for granting the relief requested pursuant to the Debtor and Creditor Law (see, Debtor and Creditor Law §§ 273, 275, 276; see also, Debtor and Creditor Law § 278 [1] [a]; § 279). The legitimacy of the challenged conveyances cannot be decided as a matter of law given the presence of issues of fact relating to the good faith of the defendants, the fairness of the consideration paid in connection with the property interests they transferred or received, and whether Mohmud Abdallah, or Zahiah Abdallah, or both, were rendered insolvent as a result of such transfers (see generally, Grumman Aerospace Corp. v Rice, 199 AD2d 365; Matter of American Inv. Bank v Marine Midland Bank, 191 AD2d 690; Atlantic Bank v Toscanini, 145 AD2d 590). The record contains ample proof of the "badges of fraud" which gen-

erally support a cause of action pursuant to Debtor and Creditor Law § 276 (*Taylor-Outten v Taylor,* 248 AD2d 934; *see, Pen Pak Corp. v LaSalle Natl. Bank,* 240 AD2d 384). Also, the plaintiffs have not had a chance to engage in discovery, and the defendants' motions are based on "matters that are exclusively within [their] knowledge" (*Reohr v Golub Corp.,* 242 AD2d 850, 851; *see, Grumman Aerospace Corp. v Rice, supra).* The plaintiffs had no duty to offer concrete evidence on these subjects in order to avoid summary judgment because the defendants failed to meet their burden of demonstrating, in the first instance, their entitlement to judgment as a matter of law (*see, e.g., Alvarez v Prospect Hosp.,* 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851).

The proposed amended complaint consists essentially of an amplification of the original complaint. The amendment makes it clear that the plaintiffs are not relying exclusively on Debtor and Creditor Law § 273-a. In the absence of prejudice, leave to amend should be freely granted (*see,* CPLR 3025) and we conclude that such leave is warranted in this case.

The denial of the branch of the plaintiffs' motion, characterized as one for renewal and reargument of the defendants' respective motions for summary judgment, is not appealable because it was not based upon new facts which were unavailable at the time they submitted their original opposition to the defendants' motion, and it is therefore actually a motion to reargue (*see, e.g., Mgrditchian v Donato,* 141 AD2d 513; *Matter of Bosco,* 141 AD2d 639). O'Brien, J. P., Pizzuto, Joy and Florio, JJ., concur.