◼ Columbia Memorial Hospital, Respondent-Appellant, v Sophie Barley, Defendant, and Columbia County Department of Social Services, as Guardian of the Property of Sophie Barley, Appellant-Respondent, and Michael Boyian, Jr., Respondent-Appellant. [790 NYS2d 576]—

Rose, J. Cross appeals from an order of the Supreme Court (Connor, J.), entered October 29, 2003 in Columbia County, which denied motions by plaintiff and defendants Columbia County Department of Social Services and Michael Boyian, Jr. for summary judgment.

Plaintiff commenced this action to recover payment for medical services rendered to defendant Sophie Barley from 1999 to 2001. In addition to a direct claim against Barley, plaintiff alleged that Barley's conveyance of her primary asset, her home, to her brother, defendant Michael Boyian, Jr., in 2001 for less than fair consideration was fraudulent, and that Barley's court-appointed guardian, defendant Columbia County Department of Social Services (hereinafter DSS), breached its fiduciary duties in failing to prevent the conveyance or seek to have it set aside once it occurred. After issue was joined, plaintiff moved for summary judgment on its claims, and DSS and Boyian cross-moved for summary judgment dismissing the claims against them. Finding material questions of fact, Supreme Court denied each of the motions, prompting these cross appeals.

Beginning with plaintiff's cause of action against Boyian alleging fraudulent conveyance, we agree with Supreme Court that there are questions of fact, including the fair market value of Barley's residence when it was transferred to Boyian and

whether there was a fraudulent intent on Boyian's part (*see White Rose Food v Mustafa*, 251 AD2d 653, 654-655 [1998]; *Manufacturers & Traders Trust Co. v Lauer's Furniture Acquisition*, 226 AD2d 1056, 1058 [1996], *lv dismissed* 88 NY2d 962 [1996]). For the same reason, Boyian's cross motion for summary judgment also fails. Accordingly, Supreme Court appropriately denied these motions.

Plaintiff's claim against DSS for breach of fiduciary duty should have been dismissed, however, because plaintiff neither pleaded nor proved facts demonstrating that DSS owed a fiduciary duty to plaintiff or had any relationship approaching privity (*see Rabouin v Metropolitan Life Ins. Co.*, 307 AD2d 843, 844 [2003]; *Gaidon v Guardian Life Ins. Co. of Am.*, 255 AD2d 101, 101-102 [1998], *mod on other grounds* 94 NY2d 330 [1999]; *see also* Mental Hygiene Law § 81.21 [f]; *Hydro Invs. v Trafalgar Power*, 6 AD3d 882, 886 [2004]). Thus, while plaintiff may be able to obtain judicial review of whether DSS properly fulfilled its fiduciary duties to Barley by making an appropriate application in the Mental Hygiene Law article 81 proceeding that resulted in DSS's appointment as guardian (*see Matter of Gershenoff*, 2 Misc 3d 847, 849-850 [2003]; *Matter of Guardianship of Kent*, 188 Misc 2d 509, 512 [2001]), it may not do so in this action.

Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendant Columbia County Department of Social Services; motion granted and complaint dismissed against said defendant; and, as so modified, affirmed.