■ CHARLES PRITCHARD et al., Respondents, v DARLENE A. CURTIS et al., Defendants, and DONALD W. CHICHESTER, Appellant. [944 NYS2d 341]—

Lahtinen, J. Appeal from an order of the Supreme Court (Devine, J.), entered January 13, 2011 in Schoharie County, which granted plaintiffs' motion for partial summary judgment.

This action was commenced in August 2009 to, among other things, foreclose two mortgages that were executed in December 2005 (but not recorded until April 2009) and to set aside as fraudulent the conveyances of the two mortgaged parcels. Defendant Donald W. Chichester (hereinafter defendant) owned two parcels in Schoharie County, a 103-acre parcel with a single family house and an unimproved parcel of about 50 acres. In 1999, he formed defendant Pentastar Corporation and conveyed both parcels to the corporation.* In July 2005, Pentastar conveyed the parcels to defendant Darlene A. Curtis, who is defendant's companion and was Pentastar's president.

Curtis needed money for her used car business, New York Carriage Corporation, and she contacted DKR & Associates. Between September 2005 and January 2007, DKR wrote a series of checks totaling $105,500 to New York Carriage and $32,000 to Curtis. In December 2005, Curtis executed two "promissory grid" notes, secured by mortgages on both parcels, for $75,000 each, agreeing to pay DKR the principal and interest on or before December 31, 2007. Although executed in December 2005, the mortgages were not recorded by DKR until April 2009.

In March 2008, Curtis conveyed both parcels to defendant Robert P. Toleno, a friend of defendant and Curtis. In December 2008, Toleno transferred the parcels to defendant Anne S. Hartjen, another friend of defendant and Curtis. Defendant and Curtis continued at all times to reside at the residence on the 103-acre parcel without paying rent.

---

* Earlier, in 1994, defendant had mortgaged the 103-acre parcel to Central National Bank and that mortgage was assigned to defendant Alaska Seaboard Partners, L.P. and its nominee, defendant Mortgage Electronic Registration Systems, Inc. Plaintiffs executed a stipulation and order providing, among other things, that proceeds of a foreclosure sale on the 103-acre parcel will be applied first to the amount owed Alaska Seaboard/Mortgage Electronic.

After recording the mortgages in April 2009, DKR assigned the notes and mortgages in May 2009 to plaintiffs. In August 2009, plaintiffs filed a notice of pendency and commenced this action to, among other things, set aside the March 2008 and December 2008 conveyances as fraudulent and to foreclose on the mortgages. Approximately 10 months later, in June 2010, while the action was pending and discovery was being conducted, Hartjen conveyed the parcels to American Dream Ventures, Inc., a corporation formed by defendant in late May 2010.

Following discovery, plaintiffs moved for summary judgment on two of their causes of action. They sought summary judgment, first, setting aside the March 2008, December 2008 and June 2010 conveyances as fraudulent and, second, foreclosing the two mortgages. Supreme Court granted plaintiffs' motion and appointed a referee. Defendant appeals.

Initially, we find merit in plaintiffs' contention that defendant lacks standing. Our review of the record reflects that defendant last had an individual ownership interest in the property in 1999, and he is not a signatory to the promissory grid notes or a mortgagor on the mortgages that are the subject of this action (*see Bancplus Mtge. Corp. v Galloway*, 203 AD2d 222, 223 [1994]; *Marine Midland Bank-E. N.A. v Haufler Assoc.*, 55 AD2d 803, 804 [1976]). The fact that American Dream Ventures—a corporation defendant formed—took title to the parcels after the action was commenced does not on this record establish individual standing for defendant since there is no argument or proof to avoid the general rule that a corporation's legal existence is separate from its shareholders (*see e.g. Harris v Stony Clove Lake Acres*, 202 AD2d 745, 747 [1994]).

In any event, we agree with Supreme Court that plaintiffs set forth ample badges of fraud to establish fraudulent intent in support of their claim under Debtor and Creditor Law § 276 (*see Dowlings, Inc. v Homestead Dairies, Inc.*, 88 AD3d 1226, 1231 [2011]; *Matter of Shelly v Doe*, 249 AD2d 756, 758 [1998]). The two transfers in 2008 involved friends of Curtis and defendant, and the 2010 transfer was to a corporation formed by defendant less than a month before the transfer. Although there are some discrepancies about the amount—if any—of consideration paid by the transferees, it is clear that all relevant transfers were—at best—for far less than market value and, moreover, Curtis's attorney stated in an affidavit that all conveyances were made without any consideration. Curtis and defendant continued to live on the property throughout the series of transactions without paying rent. Plaintiffs established a prima facie case of fraudulent transfers. Furthermore, plaintiffs also established

entitlement to a judgment of foreclosure by producing the mortgages, the unpaid promissory grid notes and proof of default (*see Charter One Bank, FSB v Leone*, 45 AD3d 958, 958-959 [2007]; *HSBC Bank USA v Merrill*, 37 AD3d 899, 900 [2007], *lv dismissed* 8 NY3d 967 [2007]). Defendant's submissions were insufficient to raise a triable issue.

Peters, P.J., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.