■ KNICKERBOCKER INSURANCE COMPANY, Appellant, v. ELMO GUYNN et al., Respondents, et al., Defendant.— Appeal from so much of an order of the Supreme Court, Queens County, dated September 22, 1967, as, upon granting plaintiff's motion for rehearing and reconsideration, adhered to the original decision, set forth in the order of said court dated February 10, 1967, denying plaintiff's motion for summary judgment, severing the action as against defendant Crawford and dismissing the complaint as to the remaining defendants. Order modified, on the law, by (1) limiting the second decretal paragraph thereof, which provides for adherence to the original decision, to so much of the original decision and order as denied plaintiff's motion for summary judgment and (2) adding to the order a decretal provision that (a) the original decision and order are vacated in all other respects and (b) summary judgment against plaintiff is denied. As so modified, order affirmed insofar as appealed from, without costs. The action is for a declaratory judgment that plaintiff had a right to disclaim liability under an automobile liability insurance policy issued to defendant Crawford on the ground that he had violated the provisions of Condition "5" of the policy relating to "Assistance and Cooperation of the Insured." The other defendants are the Motor Vehicle Accident Indemnification Corporation and the other persons who were involved in an accident attributed to the alleged negligent operation of the covered motor vehicle by Crawford. Special Term denied plaintiff's motion for summary judgment on the ground that plaintiff had failed to sustain the burden of proving a breach of the assured of the co-operation clause of the policy; and, after severing the action as against Crawford, who had failed to appear in the action, granted summary judgment dismissing the complaint as to the other defendants and declaring that plaintiff was not entitled to disclaim liability on its policy of insurance as to them. Upon plaintiff's motion for rehearing and reconsideration, on the basis of additional facts, the order appealed from was made, adhering to this determination. In our opinion, upon the additional proofs submitted, there were presented triable issues of fact which precluded the granting of summary judgment. The record now presents at least a triable issue as to whether the insured did, in fact, receive communications from the plaintiff-insurer, and, if he did, whether his failure to answer or acknowledge them was sufficient to raise an inference of willful non-co-operation. The credibility of the defendant Crawford thus becomes an issue, which may not be determined on a motion for summary judgment (*Rodin* v. *Universal Button Co.,* 18 A D 2d 813; *Di Donna* v. *Sachs,* 9 A D 2d 576). Furthermore, an accelerated judgment in favor of the answering

defendants does not serve to declare the rights of all the parties. For these reasons a trial of the action should be directed. Christ, Acting P. J., Brennan, Benjaman, Munder and Martuscello, JJ., concur.