■ DAVIS ACOUSTICAL CORP., Respondent, v MATZEN CONSTRUCTION, INC., Appellant.—Appeal from an order of the Supreme Court at Special Term, entered October 29, 1976 in Rensselaer County, which granted plaintiff's motion for summary judgment in lieu of complaint. The instrument for the payment of money only upon which the motion was based was a check in the sum of $800 drawn on the account of Matzen Construction, Inc. The check was issued in payment for labor and materials allegedly provided by the plaintiff to the defendant pursuant to a contract signed by Peter Matzen as president of the defendant corporation. The contract price was $1,220, but $420 of this sum had been paid prior to the commencement of the action. The check for $800 was dishonored by the drawee bank for "insufficient funds". In defense, the defendant averred a failure of considera-

tion in that the materials supplied by plaintiff were pursuant to a contract with another corporation, Peter H. Matzen Construction Corp., of which Peter H. Matzen is also president. As between the parties to this motion, payment by the subject check was conditional (Uniform Commercial Code, § 2-511) and where, as here, the check is dishonored, action may be maintained on either the instrument or the obligation (Uniform Commercial Code, § 3-802, subd 1, par [b]). Want or failure of consideration is a defense when, as here, action is commenced on the instrument by one not a holder in due course (Uniform Commercial Code, § 3-408). Although a payee of a check may be a holder in due course (Uniform Commercial Code, § 3-302, subd [2]) he is still subject to any defense of a maker with whom he has dealt (Uniform Commercial Code, § 3-305, subd [2]). Herein, defendant's affidavit in opposition clearly states that the materials supplied by plaintiff were furnished to a work site for use in a project with which the defendant corporation was not involved. While this averment by an individual who is president of two close corporations with similar corporate titles might be construed as evasive, even untrue, it nevertheless creates a factual issue central to the instrument sued upon since there would be a want of consideration supportive of the $800 check if, in fact, the defendant corporation never dealt with plaintiff for the purchase of the subject materials. Questions of credibility of the party or individual giving an affidavit in a 3212 or 3213 motion should be avoided by the Motion Judge, who lacks the advantage of observing and listening to the testimony of such a witness, and deferred to the ultimate fact-finder. Order reversed, on the law, without costs. Koreman, P. J., Sweeney, Kane and Mahoney, JJ., concur; Larkin, J., dissents and votes to affirm in the following memorandum. Larkin, J. (dissenting). I respectfully dissent. In my view a check, including the one for the sum of $800 in issue herein, by its very definition sets forth a prima facie case by the instrument and a failure to make the payments called for by its terms *(Seaman-Andwall Corp. v Wright Mach. Corp.,* 29 NY2d 617; see Uniform Commercial Code, § 3-104). The question presented, therefore, is whether the defendant herein came forward, by way of evidentiary proof, with issues of fact sufficient to defeat this motion. I disagree with the conclusion of the majority that the allegations of the president of the defendant corporation, even if true, raised triable issues of fact. There is no allegation that the materials and labor for which the check was issued were not supplied and performed. I find to be wholly unpersuasive the claim by an individual who is the president of two corporations, each bearing his name, that the check in question was without consideration solely because it was drawn upon the account of one corporation rather than that of the other. The order appealed from should be affirmed.