■ FLUSHING SAVINGS BANK, Appellant-Respondent, v ALFRED R. PARR et al., Respondents-Appellants, et al., Respondents. — In an action, *inter alia,* to declare certain land transfers to be fraudulent conveyances and to set them aside, the cross appeals are from an order of the Supreme Court, Suffolk County, dated September 19, 1980, which denied a motion and cross motion for summary judgment. Cross appeal by respondents-appellants dismissed. It was not perfected in accordance with the rules of this court. Upon the appeal by plaintiff, order reversed insofar as appealed from, on the law, and plaintiff's cross motion for summary judgment on its second cause of action is granted. Plaintiff is awarded $50 costs and disbursements. This appeal arises out of the litigation that ensued as a result of the financial collapse of the Parr Meadows Race Track. Plaintiff, as lead lender for a consortium of financial institutions, financed the construction of the racetrack in August, 1976 in the amount of $14,000,000. The building loan was personally guaranteed by defendants Ronald and Alfred Parr, the principals of defendant Parr Meadows Racing Association, Inc., the mortgagor. The association defaulted on the loan on July 1, 1977 and filed a petition for reorganization with the Bankruptcy Court in October, 1977. Plaintiff, unable to foreclose on the mortgage since the racetrack was part of the bankruptcy estate, obtained a judgment against the Parrs on their personal guarantees. This judgment was never satisfied. On June 12, 1979 the association's bankruptcy petition was dismissed. In order to preserve the racetrack from foreclosure for all its unsecured creditors, Ronald Parr, who had filed a bankruptcy petition on June 12, 1979, conveyed the property from the association to himself. In addition, between 1973 and 1979, the Parrs had made various other conveyances from themselves to their relatives and controlled corporations. Plaintiff, thereafter, commenced the instant action, *inter alia,* to declare all the conveyances made between 1973 and 1979 to be fraudulent conveyances and to set them aside (see Debtor and Creditor Law, §§ 273, 276). With respect to the association's conveyance of the racetrack to Ronald Parr, plaintiff sought only a declaration that it was fraudulent. During the pendency of this action, the association filed a new petition for reorganization with the Bankruptcy Court. Shortly thereafter, Ronald Parr's individual bankruptcy proceeding was conditionally dismissed and he attempted to reconvey the racetrack back to the association. This reconveyance was barred by a Federal injunction. The matter is before this court after Special Term denied defendants' motion for summary judgment dismissing the complaint and plaintiff's cross motion for summary judgment on its second cause of action. The cross motion should have been granted. Plaintiff's second cause of action alleges that the association's conveyance of the racetrack to Ronald Parr was a fraudulent conveyance, in that it was made with the actual intent to hinder and delay the plaintiff from foreclosing on the mortgage. Section 276 of the Debtor and Creditor Law provides: "Every conveyance made *** with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." (See, also, 7A Uniform Laws Ann., Uniform Fraudulent Conveyance Act, § 7.) The record on appeal clearly shows that the conveyance was for the purpose of

avoiding foreclosure by the plaintiff by keeping the subject property within a bankruptcy estate. Such activity necessarily hindered and delayed plaintiff. The question before us then, is whether proof of an actual intent to hinder or delay, without actual intent to defraud, is a fraudulent conveyance pursuant to section 276 of the Debtor and Creditor Law. A reading of section 276 leads to the conclusion that by the use of the disjunctive, "hinder" and "delay" exist independently of an intent to defraud. Although some courts have interpreted section 276 to require fraudulent intent (see *Irving Trust Co. v Kaminsky,* 19 F Supp 816; *Doehler v Real Estate Bd. of N.Y. Bldg. Co.,* 150 Misc 733), we hold that "A conveyance is illegal if made with an intent to defraud the creditors of the grantor, but equally it is illegal if made with an intent to hinder and delay them" *(Shapiro v Wilgus,* 287 US 348, 354; see, also, *Mongiello Bros. Coal Corp. v Houghtaling Props.,* 309 F2d 925, 930; *Leventhal v Spillman,* 234 F Supp 207, affd 362 F2d 264 on the opn of Dooling, J.). A deliberate attempt to stave off creditors by putting property in such a form and place that creditors cannot reach it, even when the purpose of that action is not to defraud them of ultimate payment but only to obtain enough time to restore the debtor's affairs, comes within the meaning of "hinder" and "delay" as set forth in section 276 of the Debtor and Creditor Law (see *Shapiro v Wilgus, supra; Klein v Rossi,* 251 F Supp 1, 2; see, also, McLaughlin, Application of the Uniform Fraudulent Conveyance Act, 46 Harv L Rev 404, 422). Hopkins, J.P., Mangano, Rabin and Weinstein, JJ., concur.