■ GERALD H. SCHOENBERG, Respondent, v DAVID M. SCHOENBERG et al., Appellants. — In an action pursuant to article 10 of the Debtor and Creditor Law, *inter alia,* to set aside certain conveyances of property as fraudulent as against the plaintiff creditor, defendants appeal from a judgment of the Supreme Court, Nassau County (Harwood, J.), dated April 14, 1982, which, upon granting the plaintiff's motion for summary judgment, directed that the conveyances be set aside and awarded plaintiff attorney's fees. Judgment modified, on the law, by deleting the provision awarding plaintiff attorney's fees. As so modified, judgment affirmed, without costs or disbursements, the cause of action for attorney's fees is severed and summary judgment is denied as to that cause of action. Although otherwise in agreement with the determination of Special Term, it is our belief that a triable issue of fact has been presented with respect to the plaintiff's third cause of action (for attorney's fees). Thus, section 276-a of the Debtor and Creditor Law provides, *inter alia,* that "[i]n an action or special proceeding brought by a creditor * * * to set aside a conveyance by a debtor, *where such conveyance is found to have been made by the debtor and received by the transferee with [the] actual intent,* as distinguished from intent presumed in law, *to hinder, delay or defraud either present or future creditors,* in which action or special proceeding the creditor * * * shall recover [a] judgment, the justice * * * presiding at the trial shall fix the reasonable attorney's fees of the creditor * * * and the creditor * * * shall have judgment therefor". In our view, the affidavits in opposition to the plaintiff's motion are legally sufficient to raise an issue of fact regarding the defendants' intentions in entering into the conveyances under review. Accordingly, the

granting of summary judgment as to the plaintiff's third cause of action is precluded (cf. *Merman v Miller,* 82 AD2d 826). By way of contrast, a conveyance deemed fraudulent under section 273-a of the Debtor and Creditor Law is not predicated upon a showing of actual intent "to hinder, delay or defraud" present or future creditors and, thus, the granting of summary judgment on the plaintiff's two remaining causes of action is not precluded by the existence of the foregoing triable issue (cf *Corbin v Litke,* 105 Misc 2d 94; *Republic Ins. Co. v Levy,* 69 Misc 2d 453). We have considered the defendants' remaining contentions and find them to be without merit. Damiani, J. P., Mangano, Gibbons and Gulotta, JJ., concur.