■ FARMERS PRODUCTION CREDIT ASSOCIATION OF MIDDLETOWN, Respondent, v MARTYN TAUB et al., Appellants.—In an action to set aside an allegedly fraudulent conveyance, the defendants appeal from a judgment of the Supreme Court, Orange County (Wood, J.), dated March 29, 1984, which, upon denying their motion for summary judgment dismissing the plaintiffs' complaint, and granting summary judgment in favor of the plaintiff, *inter alia,* set aside a certain mortgage as fraudulent and void as to the plaintiff.

Judgment reversed, on the law, with costs, and motion for summary judgment denied in all respects. The provisions of the order of the Supreme Court, Orange County (Wood, J.), dated March 16, 1984, which granted summary judgment to the plaintiff pursuant to CPLR 3212 (b), are hereby vacated.

The plaintiff, having entered a default judgment against the defendants Martyn and Ida Taub in the sum of $78,774.71, commenced this action against the Taubs and Rose Zaritsky, Ida Taub's sister, to set aside as fraudulent a $15,000 mortgage delivered by the Taubs to Rose Zaritsky on certain real property owned by the Taubs situated in Middletown, New York.

The defendants moved for summary judgment dismissing the complaint, alleging that the mortgage had been executed to secure a $15,000 loan made by Mrs. Zaritsky to the Taubs. In opposition to the motion, the plaintiff alleged that the transaction in question was intended to insulate the Taubs' assets from the claims of their creditors. The plaintiff proffered documentary evidence in the form of deeds indicating that, within several months of the execution of the mortgage in question, the Taubs conveyed other parcels of real property owned by them to their son, daughter and Mrs. Taub's brother for less than fair market value, thereby establishing the existence of a fraudulent scheme to defraud their creditors.

Although the plaintiff did not cross-move for summary judgment, Special Term denied the defendants' motion and granted summary judgment in favor of the plaintiff, the nonmoving party *(see,* CPLR 3212 [b]).* We conclude that the existence of triable issues of fact in this case precludes the

granting of summary judgment to any party, and therefore reverse.

In order to establish the existence of a fraudulent conveyance under these circumstances, the plaintiff must prove either that the execution of the mortgage was made without fair consideration (see, Debtor and Creditor Law §§ 272, 273, 273-a, 274, 275) or that it was executed with actual intent to hinder, delay or defraud creditors (see, Debtor and Creditor Law § 276). However, the evidence before Special Term submitted on the motion indicates that the mortgage was delivered to secure a $15,000 loan from Rose Saritsky to the Taubs. This evidence precludes a finding that, as a matter of law, the conveyance was made without fair consideration (see, Debtor and Creditor Law § 272). The question of what constitutes fair consideration is generally one of fact, to be determined under the circumstances of the particular case (see, Gelbard v Esses, 96 AD2d 573, 576; cf. County of Dutchess v Dutchess Sanitation Servs., 86 AD2d 884, 885, appeal dismissed 56 NY2d 1033).

Moreover, the evidence fails to establish, as a matter of law, that the defendants executed the mortgage with actual intent to hinder, delay or defraud the plaintiff (see, Debtor and Creditor Law § 276). The existence of actual intent, as distinguished from intent presumed in law (see, Debtor and Creditor Law § 276), is generally a question of fact which precludes summary judgment (see, Trustees of Hamilton Coll. v Cunningham, 70 AD2d 1048, 1049), and we perceive no basis to depart from that rule in this case. The question of whether the defendants acted in good faith, or whether they actually intended to hinder, delay or defraud the plaintiff, presents a triable issue of fact. Bracken, J. P., Rubin, Lawrence and Eiber, JJ., concur.