■ MONICA FURLONG, Respondent-Appellant, v LEONARD STORCH et al., Appellants-Respondents.—Main, J. Cross appeals from an order of the Supreme Court at Special Term (Torraca, J.), entered December 27, 1985 in Sullivan County, which partially granted plaintiff's motion for summary judgment.

This matter represents another chapter in the rather acrimonious battle between plaintiff and her ex-husband, defendant Leonard Storch, concerning child support payments owed by Storch for the benefit of their daughter, Jennifer. In March 1983, Storch commenced a habeas corpus proceeding against plaintiff to obtain custody of Jennifer. By her answer verified on March 30, 1983, plaintiff counterclaimed for unpaid child support. Storch ultimately withdrew his application for custody and, in April 1984, plaintiff was awarded a money judgment for the unpaid support. This award was in all relevant respects affirmed by the First Department (People ex rel. Storch v Storch, 111 AD2d 10, lv denied 66 NY2d 605). This judgment remains unsatisfied. In October 1984 plaintiff sought, inter alia, sequestration of certain real property owned by Storch in Sullivan County. The property was sequestered and plaintiff was appointed its receiver; however, a title search revealed that in April 1983, less than a week after plaintiff counterclaimed for the unpaid support, Storch executed deeds transferring the Sullivan County property to defendant Noreen Findlan, Storch's girlfriend. These deeds were apparently delivered to Storch's attorney to be held in

escrow and were finally recorded in April 1984, following the decision awarding plaintiff a money judgment and prior to the entry of that judgment. Storch and Findlan were married in July 1984.

Plaintiff commenced this action against Storch and Findlan to set aside the conveyance as fraudulent and requested that counsel fees be awarded. She thereafter moved for summary judgment. Special Term granted plaintiff's motion but declined to award counsel fees. Both sides have appealed. On consideration of the record before us, we are constrained to agree with defendants that there are issues of fact remaining which preclude the grant of summary judgment.

As always, a motion for summary judgment is a drastic remedy which should be granted only when there is no doubt as to the absence of a triable issue of fact *(Phillips v Kantor & Co.,* 31 NY2d 307, 311; *Alfano v First Natl. Bank,* 111 AD2d 960, 962). Here, plaintiff has set forth causes of action alleging both constructive and actual fraud pursuant to Debtor and Creditor Law §§ 273, 273-a and 276. Dealing first with the claim of actual fraud, Debtor and Creditor Law § 276 requires plaintiff to demonstrate that, in transferring the property in question to Findlan, Storch actually intended to hinder, delay or defraud plaintiff *(see, Marine Midland Bank v Murkoff,* 120 AD2d 122, *appeal dismissed* 69 NY2d 875). The existence of actual intent is ordinarily a question of fact which cannot be resolved on a motion for summary judgment *(Farmers Prod. Credit Assn. v Taub,* 121 AD2d 681, 682). Although plaintiff has presented evidence supporting her position that Storch transferred the property with the intention of defrauding plaintiff and to prevent her from executing the judgment, we cannot say that the evidence presented entitles her to judgment as a matter of law.

Turning to the claims of constructive fraud, both Debtor and Creditor Law §§ 273 and 273-a require plaintiff to show that Storch conveyed the property without fair consideration.*

---

* Debtor and Creditor Law § 273 also requires plaintiff to show that the conveyance rendered Storch insolvent. Debtor and Creditor Law § 273-a requires plaintiff to show, aside from the lack of fair consideration, that Storch was at the time of the conveyance a defendant in an action for money damages or that a judgment was docketed against him, and that Storch has failed to satisfy the judgment. In regard to the latter statute, Storch has claimed that he executed the deeds transferring the property to Findlan one day before his attorney received plaintiff's counterclaim and, therefore, he was not a defendant in an action for money damages at the time of the conveyance. Storch is incorrect in this regard. Following service

"Fair consideration" exists "[w]hen in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied" (Debtor and Creditor Law § 272 [a]) or "[w]hen such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained" (Debtor and Creditor Law § 272 [b]). Good faith is thus an essential element of fair consideration (see, *Southern Indus. v Jeremias,* 66 AD2d 178, 182-183). A lack of good faith is not equivalent to actual intent to defraud; instead, it "imports a failure to deal honestly, fairly and openly" *(supra,* at 183). The question of whether a person has acted in good faith and, indeed, the entire question of what constitutes fair consideration are generally issues of fact, dependent upon the circumstances of the particular case (see, *Farmers Prod. Credit Assn. v Taub, supra).* Again, while plaintiff has presented evidence indicating that there was a lack of fair consideration in the transfer from Storch to Findlan, we cannot say that she is entitled to judgment as a matter of law. According to Storch, he transferred the property to Findlan because she had worked for him for some time without being paid the salary due her, and he had previously promised to transfer the property to her in satisfaction of this debt. Essentially, plaintiff is requesting the court to reject this evidence on this motion for summary judgment because it is not credible. However, while defendants' credibility in this regard is questionable given plaintiff's evidence as to the timing of the transaction and the relationship between defendants, it is improper for the court to weigh the parties' credibility on a motion for summary judgment unless the facts to which they have sworn are patently untrue (see, *Davis Acoustical Corp. v Matzen Constr.,* 57 AD2d 1018, 1019; *Knickerbocker Ins. Co. v Guynn,* 31 AD2d 748; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.12). We are unwilling to reject defendants' evidence outright as not being credible. Since

---

of a summons, service of the remaining papers in the litigation is made upon a party's attorney rather than the party himself, and ordinary mailing is sufficient for such service. Such service is complete upon mailing, not upon receipt by the attorney (see, CPLR 2103 [b] [2]; Siegel, NY Prac § 202, at 238-239). Since a counterclaim does not require service by a special method (see, Siegel, NY Prac § 224, at 269), service of a counterclaim is deemed complete upon mailing, not upon receipt, and the fact that Storch's attorney did not receive the counterclaim until after Storch executed the deeds has no bearing on Storch's status as a defendant in an action for money damages.

there remain issues of fact as to whether Storch conveyed the property to Findlan without fair consideration, plaintiff is not entitled to summary judgment under either Debtor and Creditor Law §§ 273 or 273-a. Having so decided, it is not necessary to consider plaintiff's request for counsel fees.

Order modified, on the law, without costs, by reversing so much thereof as partially granted plaintiff's motion; motion denied in its entirety; and, as so modified, affirmed. Main, Casey, Weiss and Mikoll, JJ., concur.

Kane, J. P., dissents and votes to modify in a memorandum. Kane, J. P. (dissenting). In order to prevail under Debtor and Creditor Law § 273-a, a plaintiff is required to prove three elements: "(1) that the conveyance was made without fair consideration; (2) that the conveyor is a defendant in an action for money damages or that a judgment in such action has been docketed against him, and (3) that defendant has failed to satisfy the judgment" (Schoenberg v Schoenberg, 113 Misc 2d 356, 358, mod on other grounds 90 AD2d 827). The conveyance in question occurred during the pendency of plaintiff's action for unpaid support, which should be considered an action for money damages under Debtor and Creditor Law § 273-a. Further, the judgment remains unsatisfied. Accordingly, the issue distills to a determination of whether factual issues exist upon the issue of fair consideration.

Defendants contend that the evidence submitted in opposition to plaintiff's motion for summary judgment was sufficient to establish factual issues relating to the adequacy of the consideration involved in their transaction. According to defendants, the real estate was conveyed in satisfaction of an antecedent debt owed by Storch to Findlan. This debt accrued over a number of years in which Findlan was employed by Storch's corporation but, due to financial difficulties, was not paid commensurate with her true worth. Plaintiff, on the other hand, argues that no such antecedent debt existed and that the transfer was gratuitous as evidenced by the notations on the deeds, which indicate that no real estate transfer taxes were paid. Additionally, plaintiff contends that there was no fair consideration as a matter of law because of defendants' lack of good faith in connection with the challenged conveyances.

Pursuant to Debtor and Creditor Law § 272, good faith is an essential element of fair consideration (see, e.g., Julien J. Studley, Inc. v Lefrak, 66 AD2d 208, 213, affd 48 NY2d 954). The evidence of Storch's history of nonpayment of child support, coupled with the timing of the execution and recorda-

tion of the deeds to Findlan, amply supports plaintiff's assertion that defendants lacked good faith in relation to the challenged conveyance. In response, defendants have failed to argue their own good faith. Consequently, in my opinion, Special Term properly resolved this issue in plaintiff's favor *(see, Behar v Ordover,* 92 AD2d 557, 558, *appeal dismissed* 59 NY2d 762).

Turning to the issue of counsel fees, I find that it was error for Special Term not to sever this portion of plaintiff's claim and direct that it proceed to trial. Although, on this motion it cannot be said as a matter of law that plaintiff established Storch's actual fraudulent intent, plaintiff should be allowed to proceed to trial to attempt to prove Storch's actual intent and, accordingly, establish her entitlement to counsel fees pursuant to Debtor and Creditor Law § 276-a *(see, Schoenberg v Schoenberg,* 90 AD2d 827).

I would therefore modify by directing that plaintiff's claim for counsel fees be set down for trial and, as so modified, I would affirm *(see, supra).*