■ ATLANTIC BANK OF NEW YORK, Appellant, v ANTHONY TOSCANINI et al., Defendants, and PHYLLIS TOSCANINI, Respondent.—In an action by a judgment creditor pursuant to article 10 of the Debtor and Creditor Law, *inter alia,* to set aside as fraudulent a conveyance of real property by one of the judgment debtors to his former wife, the plaintiff appeals from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated October 15, 1987, as denied its motion for partial summary judgment on the second cause of action asserted in the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this action, the plaintiff is seeking to set aside as fraudulent the conveyance of the defendant Anthony Toscanini's interest in certain real property to his former spouse, the defendant Phyllis Toscanini, which was made pursuant to a separation agreement and subsequent divorce. The plaintiff sought summary judgment on its second cause of action, which was brought under Debtor and Creditor Law § 273.

The plaintiff's contention that the Supreme Court erred in

denying its motion for summary judgment on its second cause of action is without merit. In order to establish that the conveyance was fraudulent under these circumstances, the plaintiff must prove that the transfer was made without fair consideration at a time when the defendant Anthony Toscanini was insolvent *(see,* Debtor and Creditor Law §§ 271, 272, 273). In addition, the plaintiff would be entitled to have the conveyance set aside only if the defendant Phyllis Toscanini were not a purchaser in good faith *(see,* Debtor and Creditor Law § 278). However, the question of whether a person has acted in good faith and the question of what constitutes fair consideration are questions of fact to be determined under the circumstances of the particular case *(see, Furlong v Storch,* 132 AD2d 866, 868; *Farmers Prod. Credit Assn. v Taub,* 121 AD2d 681). We find that the circumstances of this case do not warrant a departure from the general rule *(see, Safie v Safie,* 24 AD2d 502, *affd* 17 NY2d 601; *Vinlis Constr. Co. v Roreck,* 67 Misc 2d 942, *affd* 43 AD2d 911, *lv dismissed in part and denied in part* 35 NY2d 715; *cf., Century Center v Davis,* 100 AD2d 564). Mangano, J. P., Bracken, Kunzeman and Balletta, JJ., concur.