■ TUNNELL PUBLISHING COMPANY, INC., et al., Appellants, v STRAUS COMMUNICATIONS, INC., et al., Respondents.—Casey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Green, J.), entered November 13, 1989 in Orange County, which denied plaintiffs' motion for summary judgment.

Plaintiffs commenced this action seeking, *inter alia,* to accelerate the amount due on a promissory note given to plaintiffs by defendant Straus Communications, Inc. (hereafter SCI) as part of the transaction whereby SCI acquired four newspapers from plaintiffs. The note authorized acceleration of the principal balance upon the occurrence of certain events, including dissolution, merger, consolidation, reorganization, business failure, insolvency or termination of existence of the borrower. Several months after plaintiffs and SCI closed on the newspaper transaction, SCI sold one of its assets, a radio station, for a substantial sum. In order to avoid taxation of the profit from SCI's sale of this asset at both the corporate and shareholder level, the assets and liabilities of SCI were transferred to a limited partnership that would continue the business of SCI. During the course of this restructuring, several of SCI's liabilities were satisfied and SCI's cash assets were distributed to the individual shareholders, whose interests in the limited partnership, defendant Straus Communications, were in the same proportion as their interests in SCI. To ensure the financial stability of Straus Communications, the limited partners contributed approximately $1,000,000 in cash to the partnership. Straus Communications immediately took over SCI's business, including publication of the newspapers, which continued uninterrupted. SCI's obligation on the promissory note held by plaintiffs was assigned to Straus Communications, which has made all of the required payments to plaintiffs.

Plaintiffs claim that the note was accelerated because the restructuring of defendants' business resulted in the dissolution and insolvency of SCI. Defendants contend that Straus Communications is a substantially similar entity to SCI, distinguishable only by its business structure, and that the restructuring was not an attempt to strip SCI of its assets, but a legitimate tax-planning device similar to the one used by plaintiffs after their sale of the newspapers to SCI. Defendants point out that the security for the note was not impaired by the restructuring; that Straus Communications is a viable, financially sound business entity capable of satisfying all of

the obligations to plaintiffs originally assumed by SCI, including the note; that Straus Communications has in fact been satisfying those obligations; and that plaintiffs have continued to do business with Straus Communications, including the acceptance of payments on the note without reservation. Thus, according to defendants, the restructuring of their business did not constitute a defaulting event under the terms of the note, and that even if a technical default did occur, the circumstances establish that acceleration could be inequitable. Defendants also contend that plaintiffs waived any right to seek acceleration and that there was a novation. Supreme Court held that there are issues of fact which require the denial of plaintiffs' motion for summary judgment. We agree.

Agreements providing for the acceleration of the entire debt upon the default of the obligor are often enforced in accordance with their terms (e.g., *First Natl. Stores v Yellowstone Shopping Center,* 21 NY2d 630, 638), but where the breach asserted as the basis for the acceleration is trivial or inconsequential, the forfeiture may be viewed as an unconscionable penalty and equitable principles come into play (see, *Fifty States Mgt. Corp. v Pioneer Auto Parks,* 46 NY2d 573, 577). Each case must be decided on its own particular facts (*Home Sav. Bank v Baer Props.,* 92 AD2d 98, 100). Defendants' factual allegations, if true, establish that plaintiffs have sustained no damages, that the security bargained for by plaintiffs has not been impaired, that the successor obligor on the note is a viable, financially stable entity carrying on the business of the original obligor and that the essential part of the bargain—timely payment of the installments due under the note—has been and is being satisfied. Plaintiffs contend that since they bargained for and SCI executed a note providing for acceleration upon SCI's dissolution and such dissolution has occurred, the note must be enforced according to its terms without regard to whether the dissolution had any actual impact on plaintiffs. We disagree and conclude that defendants' allegations are sufficient to require denial of plaintiffs' motion for summary judgment since equitable principles may preclude enforcement of an unconscionable penalty (see, *Home Sav. Bank v Baer Props., supra; Nichols v Evans,* 92 Misc 2d 938).

Plaintiffs also rely upon a provision of their contract with SCI which authorizes SCI to assign any of its rights, duties and obligations, except the promissory note, to a corporation controlled by SCI or its principal shareholder. According to plaintiffs, SCI's assignment of its obligations under the note to

Straus Communications violated this provision. The note itself contains no prohibition on assignment, but instead provides that the note "shall be binding upon legal representatives, successors and assigns of [SCI]". Plaintiffs have not established any damages, and it cannot be said that as a matter of law the assignment constituted a material breach of the contract so as to provide an alternate basis for triggering the note's acceleration clause, particularly since the note itself does not prohibit assignment.

We also agree with Supreme Court that questions of fact exist concerning the defenses of novation and plaintiffs' waiver of the right to enforce the acceleration clause. Plaintiffs' intent is a relevant and material factor in both novation *(see, National Westminster Bank v Amnong Assocs.,* 131 AD2d 551) and waiver *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 403). Plaintiffs contend that their prompt commencement of this action establishes, as a matter of law, their intent to adhere to the original agreement with SCI, including the acceleration clause, but we agree with defendants that plaintiffs' intent must be determined, as a matter of fact, from all of the relevant facts and circumstances, including declarations, actions and inaction, from which differing inferences may be drawn *(see, supra).*

Plaintiffs also assert causes of action alleging that the transfer of assets from SCI to Straus Communications violated Debtor and Creditor Law article 10 and Business Corporation Law §§ 719 and 720. Again, we find questions of fact precluding summary judgment on these causes of action. In particular, questions of fact have been raised as to the existence of fair consideration *(see, Atlantic Bank v Toscanini,* 145 AD2d 590), including good faith *(see, Furlong v Storch,* 132 AD2d 866) and fraudulent intent *(see, Marine Midland Bank v Murkoff,* 120 AD2d 122, *appeal dismissed* 69 NY2d 875), which are relevant to Debtor and Creditor Law article 10. As to the claimed violations of the Business Corporation Law, we are of the view that plaintiffs have failed to show their entitlement to judgment as a matter of law. Supreme Court's order denying plaintiffs' motion for summary judgment should therefore be affirmed.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.