■ ROBERT C. MORRISON, Appellant, v ROGER H. PIPER et al., Respondents.—Weiss, J. P. Appeal from an order of the Supreme Court (Viscardi, J.), entered May 11, 1989 in Essex County, which denied plaintiff's motion for partial summary judgment.

When this case was before this court previously (160 AD2d

1066), we held that the clauses contained in the deed from Lilian Maier to plaintiff which granted a reciprocal right of first refusal to each of those parties to purchase the land owned by the other was violative of this State's rule against remote vesting (EPTL 9-1.1 [b]) and granted summary judgment in favor of defendants Mary T. Owens and Helen C. Whelehan dismissing the complaint against them. The Court of Appeals reversed our decision and remitted the case for consideration of issues not reached on the appeal to this court (77 NY2d 165). Counsel have submitted supplemental briefs addressed to the remittitur and the matter is before us for final determination.

Briefly, the facts are that on December 2, 1977, Maier conveyed 2.3 acres of her property in Essex County to plaintiff, her nephew, retaining to herself some 30 acres. The right of first refusal held valid by the Court of Appeals provides that: "The party of the first part [Maier] and the party of the second part [plaintiff] agree and covenant that during their life each shall have a right of first refusal to purchase the property conveyed and the property retained, respectively. The party of the first part shall have the right to meet, within sixty (60) days, any bona fide offer for the purchase of all or any part of the land herein conveyed and purchase the same. This right of first refusal is intended to bind the party of the second part, his heirs and assigns only during the life of Lilian Teresa Maier the party of the first part and those persons who directly take as a result of a gift by her or by her death. This right shall continue until the property is either conveyed or assigned by the donees or beneficiaries or until their death, whichever occurs first. The party of the second part shall have the right to meet, within sixty (60) days, any bona fide offer for the purchase of all or any part of the land retained and purchase the same. This right of refusal is intended to bind the party of the first part, her heirs and assigns, only during the life of [plaintiff], the party of the second part and those persons who directly take as a result of a gift by him or by his death. This right shall continue until the property is either conveyed or assigned by the donees or beneficiaries or until their death, whichever occurs first."

Maier died on February 26, 1980 and by her last will and testament bequeathed her 30-acre parcel to her sisters, Elizabeth Brassel, Owens and Whelehan. These three sisters divided the property between themselves on or about March 30, 1984 by a series of deeds executed by all three conveying to each a parcel of approximately one third of the total. An

additional 1.24-acre parcel was conveyed by all three to Brassel, ostensibly to equalize her share of the land. Each of the four deeds was also executed and acknowledged by plaintiff and contained the following clause: "The above described parcel is subject to a 'right of first refusal' as set forth in the deed given by Lilian Teresa Maier to [plaintiff] recorded in Book 649 of deeds at page 217 in the Essex County Clerk's Office and this parcel shall be deemed to be the parcel referred to in said deed as the 'property retained'. Said deed is referred to for a more complete description of this right of first refusal."

"[Plaintiff] hereby executed and acknowledged this deed for the purpose of consenting to this conveyance."

Thereafter, on March 9, 1988 Owens and Whelehan each executed and delivered to defendants Roger H. Piper and Drusilla A. Piper, his wife, a deed conveying the land which had been divided and deeded to each respectively by the grantor and her two sisters. Plaintiff then commenced this action against the Pipers, Owens and Whelehan seeking judgment, *inter alia,* determining the actual terms of the sales to the Pipers and, if he elects to meet such terms, requiring the Pipers to convey the subject property to him.

Inasmuch as the Court of Appeals has held that the preemptive right of first refusal was not violative of EPTL 9-1.1 (b), the sole issue remaining is whether Supreme Court erred in holding that the conflict raised by the parties' affidavits as to their intention vis-a-vis plaintiff's rights as set forth in the 1984 deeds precluded partial summary judgment. Owens and Whelehan contend that the explicit language in the original Maier deed provides that plaintiff's right of first refusal continued only until the property was conveyed or assigned by the donees or beneficiaries of either Maier or plaintiff or until their death, whichever occurred first. Moreover, Owens and Whelehan emphasize that the verbiage creating the preemptive right does not include the requirement that a conveyance terminating the right had to be to a purchaser or in an exchange for valuable consideration. They urge that because plaintiff formalized his consent to the conveyances by joining in the execution of the deeds, his complaints are meritless.

The Pipers' argument is essentially the same, that is, that there is a clear-cut difference in the interpretation of the language of the clause and the intended effect of the conveyances as well as plaintiff's execution of those deeds. They argue that faced with the sharp conflict raised by the affida-

vits, Supreme Court correctly denied summary judgment. Plaintiff, on the other hand, vigorously opposes any interpretation which would reflect either his consent to the termination of his preemptive right or his waiver of that right. He underscores the role of the attorney for Owens and Whelehan who had prepared the partition deeds and who, some years thereafter, made a reference to plaintiff's preemptive right in a letter on behalf of the three sisters to plaintiff's attorney. Contending that he received no consideration whatsoever in return for executing the deeds, plaintiff urges that neither a waiver nor termination of his valuable right can be inferred. In addition, he contends that his right to purchase could only be triggered when a bona fide offer to purchase all or any part of the land was presented. It is manifest that a clear issue of fact has been presented by these conflicting positions which clearly precludes summary judgment *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Obviously, the intent of Owens and Whelehan in securing plaintiff's execution of the deeds and whether that execution resulted in plaintiff's waiver of his right of first refusal are relevant and material issues to be determined *(see, Tunnell Publ. Co. v Straus Communications,* 169 AD2d 1031, 1033), as is plaintiff's argument that consideration to support such waiver was lacking *(see, Atlantic Bank v Toscanini,* 145 AD2d 590). The focus of the court must be on issue identification, rather than issue determination *(Munzer v St. Paul Fire & Mar. Ins. Co.,* 145 AD2d 193, 197; *see, Sillman v Twentieth Century-Fox Film Corp., supra,* at 404). Accordingly, Supreme Court's order denying plaintiff's motion for partial summary judgment was proper.

Order affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.