**In re Donald F. ZABKAR, Debtor.**

**Robert S. COOPER, Trustee, Plaintiff,**

v.

**Clementine ZABKAR, Defendant.**

**Bankruptcy Nos. 89–21457, 91–2089.**

United States Bankruptcy Court,
W.D. New York.

Nov. 8, 1991.

Robert S. Cooper, Rochester, N.Y. for plaintiff.

William C. Rieth, Rochester, N.Y., for defendant.

**4**

## MEMORANDUM AND DECISION

**EDWARD D. HAYES, Bankruptcy Judge.**

In this Summary Judgement action, the Trustee is seeking to void a fraudulent transfer of real property from the Debtor to his wife under 11 U.S.C. § 544(b) (1988) and N.Y. Debt. & Cred. § 276 (Consol.1979). The Debtor transferred his one-half interest in the jointly held residence to his wife 21 days after he received a bank loan. Defendant wife argues that fair consideration was given, because prior to this transaction, she gave a $10,000 loan to the corporation the Debtor was President and stockholder of.

■ Section 276 provides "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." Under this section, the creditor is not required to show that the Debtor was insolvent at the time or after the time of transfer. In addition, § 276 provides that "a conveyance is illegal if made with intent to defraud the creditors of the grantor, but equally it is illegal if made with an intent to hinder and delay them." *Flushing Savings Bank v. Alfred R. Parr*, 81 A.D.2d 655, 656, 438 N.Y.S.2d 374, 376 (1981).

The requisite intent to hinder or delay may be proven by direct evidence or inferred:

"(a) where the transferor has knowledge of the creditor's claim and knows that he is unable to pay it;
(b) where the conveyance is made without fair consideration; or
(c) where the transfer is made to a related party (i.e., husband to wife, corporation to stockholder)".

*Atlanta Shipping Corp., Inc. v. Chemical Bank*, 631 F.Supp. 335, 347 (S.D.N.Y.1986) (quoting *De West Realty Corp. v. Internal Revenue Service*, 418 F.Supp. 1274, 1279 (S.D.N.Y.1976)).

"A deliberate attempt to stave off creditors by putting property in such a form and place that creditors cannot reach it even ..." if "only to obtain enough time to restore the Debtor's affairs, comes within the meaning of 'hinder' and 'delay' ..."

*Flushing Savings Bank*, 81 A.D.2d at 656, 438 N.Y.S.2d at 376–377.

■ Whether there was actual intent to hinder or delay creditors is a question of fact and not law. *Farmers Production Credit Association v. Taub*, 121 A.D.2d 681, 682, 504 N.Y.S.2d 448, 449 (1986). In *Flushing Savings Bank*, the Appellate Division did allow Summary Judgement to the plaintiff where the Debtor, Parr Meadows Racing Association, conveyed the racetrack to Ronald Parr on the date its bankruptcy petition was dismissed and Parr's bankruptcy petition was filed. The creditor could not enforce its judgement against the Association while it was in bankruptcy or its judgement against Parr on his personal guarantees while he was in bankruptcy. The court found that such activity necessarily hindered and delayed plaintiff. However, the court would not affirm Summary Judgement for plaintiff in *Farmers Production Credit Association*, where a $15,000 mortgage was delivered to Rose Zaritsky by the Debtors at the same time as the Debtors were conveying other parcels of property to their son and daughter for less than fair market value. Plaintiff alleged a scheme to defraud creditors. The defendants presented evidence that there was fair consideration, because the mortgage had been executed to secure a $15,000 loan made by Mrs. Zaritsky to Debtors. Since there was a question of whether fair consideration was given, Summary Judgement could not be granted.

■ In this case, there was a transfer made to a related party, Debtor's wife, for less than fair consideration 21 days after Mr. Zabkar received a $53,968.38 loan from Key Bank. As stated above, from this evidence the requisite intent to hinder or delay may be inferred where there is a transfer to a wife without fair consideration. The Debtor testified at the § 341 hearing, under oath, that he received no consideration for his interest in the proper-

ty. The time-stamped copy of the Deed showed $0 for transfer tax. The loan Debtor's wife gave to the corporation was not consideration for the transfer of Debtor's interest in the residence, because the documentation of the loan indicates that the loan was only to the corporation, the corporation had an obligation to pay the $10,000 back her at an interest rate of prime plus three, and no monies were paid to the Debtor as part of the transaction. Therefore, the Debtor did not receive any consideration for the transfer of his interest to his wife. The defendant has not alleged any facts that would show Mr. Zabkar received fair consideration. Therefore there does not appear to be any triable facts on the issue of fair consideration.

Summary Judgement motion is granted and it is so ordered.