■ SUE E. TAYLOR-OUTTEN, Appellant, v LARRY D. TAYLOR et al., Respondents. [670 NYS2d 295] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In this action on submitted facts pursuant to CPLR 3222, Supreme Court properly dismissed the action insofar as it sought to set aside a conveyance of real property by Larry D. Taylor (defendant) to

his wife, defendant Susan M. Taylor, pursuant to Debtor and Creditor Law § 273-a. To prevail under that section, plaintiff, defendant's former wife, must prove three elements: "(1) that the conveyance was made without fair consideration; (2) that the conveyor is a defendant in an action for money damages or that a judgment in such action has been docketed against him, and (3) that defendant has failed to satisfy the judgment" (*Schoenberg v Schoenberg*, 113 Misc 2d 356, 358, *mod on other grounds* 90 AD2d 827). Because the support enforcement action pending against defendant at the time of the conveyance resulted in a judgment that has since been satisfied, plaintiff has no cause of action under Debtor and Creditor Law § 273-a (*see, Farino v Farino*, 113 Misc 2d 374, 384-385).

The court erred, however, in dismissing with prejudice plaintiff's action insofar as it sought to set aside the conveyance pursuant to Debtor and Creditor Law §§ 273, 275, 276 and 276-a. "A CPLR 3222 stipulation of facts must cover all points in dispute so as to permit determination of the legal issue without resort to evidence dehors the stipulation" (*Coccio v Parisi*, 151 AD2d 817). Pursuant to Debtor and Creditor Law § 273, a conveyance made by a person thereby rendered insolvent is fraudulent, without regard to actual intent, if the conveyance is made without fair consideration. There are material issues of fact whether defendant was rendered insolvent by the conveyance at issue and whether the conveyance was made without fair consideration (*see,* Debtor and Creditor Law § 272).

Pursuant to Debtor and Creditor Law § 275, a conveyance is fraudulent if it was made without fair consideration at a time when defendant intended or believed that he would incur debts beyond his ability to pay. The statement of facts contains no evidence of defendant's finances and does not address the issue of fair consideration.

Pursuant to Debtor and Creditor Law § 276, a conveyance is fraudulent if made with actual intent to hinder, delay or defraud present or future creditors (*see, Furlong v Storch,* 132 AD2d 866, 867). Although the submitted facts establish several "badges of fraud" indicative of fraudulent intent (*Pen Pak Corp. v LaSalle Natl. Bank,* 240 AD2d 384), they fail to establish defendant's fraudulent intent as a matter of law (*see, Furlong v Storch, supra,* at 867). Finally, plaintiff failed to establish entitlement to an award of attorneys' fees pursuant to Debtor and Creditor Law § 276-a because there is an issue of fact whether defendant conveyed the property with actual intent to hinder, delay or defraud creditors.

Because there are disputed issues of fact with respect to the claims under Debtor and Creditor Law §§ 273, 275, 276, and 276-a, we modify the order by dismissing the submission on stipulated facts with respect to those claims without prejudice to filing a new statement or commencing an action under the Debtor and Creditor Law (see, CPLR 3222 [b] [5]; *Vicario v Raymond,* 44 AD2d 863). (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Dismiss Submission.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.