██ MARLA J. JENSEN, Respondent, v GEORGE O. JENSEN, Individually and as Trustee of GEORGE C. JENSEN TESTAMENTARY TRUST, et al., Defendants, and ELAINE KREILING, as Trustee of GEORGE C. JENSEN TESTAMENTARY TRUST, Appellant. [682 NYS2d 774] —Order unanimously affirmed with costs. Memorandum: Plaintiff, Marla J. Jensen, brought this action against her former husband, defendant George O. Jensen, to set aside his conveyance of marital property, to which he alone held title, to a testamentary trust (Trust) established by the will of George's deceased father for the benefit of George's mother, Bernice E. Jensen. The judgment of divorce of Marla and George directed that all of the marital property be sold and, after the payment of marital debts, the proceeds therefrom be equally divided between Marla and George. Marla alleges herein that the conveyance to the Trust was made with the intent to prevent her from receiving her share of the net proceeds from the sale of the property conveyed. Supreme Court granted Marla's motion for summary judgment against George and defendant Elaine Kreiling, as trustee of the Trust. Only Kreiling has appealed therefrom. We affirm.

George was obligated to his father and mother in the amount of $105,967, secured by two mortgages on the marital property and two unsecured notes. That indebtedness, plus costs and disbursements, was incorporated in a confession of judgment given to Bernice Jensen after the death of George's father. The confession of judgment became a lien on the marital property. After the father's death, one of the mortgages, securing an indebtedness of $63,900, was transferred to the Trust. Kreiling's contention that the transfer was made in lieu of foreclosing the mortgage held by the Trust is unsupported by the record. Proceeds from two sales of portions of the marital property that were paid to Bernice Jensen and the Trust were more than adequate to satisfy George's entire indebtedness; that indebtedness was incorporated in the confession of judgment and was discharged.

Kreiling contends that Marla is impermissibly attacking the res judicata effect of the judgment of divorce. We disagree. The judgment of divorce decreed that the marital debts be paid from the sale of the marital property. The proceeds from the two sales of the portions of the marital property were used for that very purpose, although a satisfaction of the judgment and a discharge of the mortgage were never filed or recorded.

Under Debtor and Creditor Law § 276, intent to defraud is ordinarily a question of fact that will preclude summary judgment (see, Manufacturers & Traders Trust Co. v Lauer's

*Furniture Acquisition* [appeal No. 2], 226 AD2d 1056, 1057-1058, *lv dismissed* 88 NY2d 962; *Furlong v Storch*, 132 AD2d 866, 867). However, where a plaintiff shows by clear and convincing evidence that a defendant had the intent to "hinder, delay or defraud" creditors within the meaning of Debtor and Creditor Law § 276, summary judgment will be granted (*see, Dillon v Dean*, 236 AD2d 360, 361, *lv dismissed* 89 NY2d 1085). Marla met that burden (*see, Pen Pak Corp. v LaSalle Natl. Bank*, 240 AD2d 384, 385-386; *Dillon v Dean, supra*). Moreover, defendants did not present any evidence in admissible form to raise an issue of fact (*cf., Kendzia v Gregian*, 222 AD2d 1008). Lastly, there is no question of fact regarding the value of the unsold marital property because defendants did not dispute the appraisals submitted by Marla. (Appeal from Order of Supreme Court, Yates County, Bender, J.—Summary Judgment.) Present—Denman, P. J., Green, Hayes, Balio and Boehm, JJ.