■ DANIEL J. SUITS, Appellant, v PAUL G.H. SUITS, Respondent. DANIEL J. SUITS, Appellant, v FRANK H. SUITS, JR., Respondent. [698 NYS2d 203] —Order affirmed without costs. Memorandum: We affirm for reasons stated in the decision at Supreme Court (Tormey, III, J.). We add that, where the basis for acceleration of a debt evidenced by an installment note "is trivial or inconsequential, the forfeiture may be viewed as an unconscionable penalty and equitable principles come into play" (*Tunnell Publ. Co. v Straus Communications*, 169 AD2d 1031, 1032). Inasmuch as plaintiff would not have been prejudiced by acceptance of defendants' tender of a cure, the court properly concluded that plaintiff's refusal to accept a cure and attempted enforcement of the acceleration clause were unconscionable (*cf., Fifty States Mgt. Corp. v Pioneer Auto Parks*, 46 NY2d 573, 579, *rearg denied* 47 NY2d 801).

All concur except Scudder, J., who dissents and votes to reverse in the following Memorandum.

Scudder, J. (dissenting). I respectfully dissent. Pursuant to two promissory notes dated November 29, 1993, defendants agreed to make quarterly installment payments of principal and interest and to accelerate the entire amount due at the option of plaintiff if a payment was not received prior to the expiration of the 30-day grace period. On January 9, 1998, defendants discovered that the payment due on November 30, 1997 had not been paid due to an inadvertent error by their attorney. The payment was made on January 10, 1998. Plaintiff demanded immediate payment of the remaining balance plus all interest due on each note for past payments made within the grace period. He thereafter moved for summary judgment in lieu of complaint seeking that relief.

In my view, Supreme Court erred in denying plaintiff's motions in their entirety and granting defendants' cross motion to dismiss the complaints in the exercise of its equitable powers. "Absent some element of fraud, exploitive overreaching or unconscionable conduct on the part of the [plaintiff] to exploit a technical breach, there is no warrant, either in law or equity, for a court to refuse to enforce the agreement of the parties" (*Fifty States Mgt. Corp. v Pioneer Auto Parks*, 46 NY2d 573, 577, *rearg denied* 47 NY2d 801). Plaintiff is entitled to the ben-

efit of his bargain. Defendants failed to establish that their failure to make the November 30th payment was trivial or technical, or that it was only a collateral act (*see, Fifty States Mgt. Corp. v Pioneer Auto Parks, supra*). The majority apparently concludes as a matter of law that the contractual requirement for the timely payment of principal and interest is trivial or inconsequential, relying on *Tunnell Publ. Co. v Straus Communications* (169 AD2d 1031, 1032). In that case, however, all payments on the note were timely made, and the court denied plaintiffs' motion for summary judgment because it found that, among other things, the restructuring of the debtor's business may have been an inconsequential breach of contract (*see, Tunnell Publ. Co. v Straus Communications, supra,* at 1032). Moreover, defendants failed to establish that the exercise of the court's equitable powers is necessary to prevent unconscionable overreaching, or that plaintiff would not be prejudiced if prevented from exercising his right to accelerate (*see, Fifty States Mgt. Corp. v Pioneer Auto Parks, supra,* at 576-577; *see also, J. N. A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392, 399). Finally, I would deny those parts of plaintiff's motions seeking interest in the amount of $3,558.21 for late payments that were made within the grace period. (Appeal from Order of Supreme Court, Onondaga County, Tormey, III, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.