■ B.M.H. MANAGEMENT, INC., Respondent, v 81 & 3 OF WATERTOWN, INC., et al., Appellants. [786 NYS2d 777]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered November 6, 2003. The judgment granted plaintiff's motion for summary judgment on the first cause of action and determined that the conveyance between defendants is void.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff, a judgment creditor of defendant 81 & 3 of Watertown, Inc. (Watertown), commenced this action to set aside a conveyance of real property from Watertown to defendant 81 & 3 of Florida, Inc. on the ground that the conveyance was in fraud of creditors. Supreme Court properly granted plaintiff's motion seeking summary judgment on that part of the first cause of action alleging that the conveyance was made with "actual intent . . . to hinder, delay or defraud" plaintiff (Debtor and Creditor Law § 276), and determined that the conveyance is void and of no effect (*see Ede v Ede*, 193 AD2d 940, 942 [1993]). The existence of actual intent to defraud is ordinarily an issue of fact precluding summary judgment (*see Furlong v Storch*, 132 AD2d 866, 867 [1987]; *Farmers Prod. Credit Assn. of Middletown v Taub*, 121 AD2d 681, 682 [1986]). Plaintiff, however, presented clear and convincing evidence of such intent, and defendants failed to raise a triable issue of fact (*see Jensen v Jensen*, 256 AD2d 1162, 1163 [1998]; *Dillon v Dean*, 236 AD2d 360, 361 [1997], *lv dismissed* 89 NY2d 1085 [1997]). Present—Pigott, P.J., Green, Pine and Hurlbutt, JJ.