In an action, inter alia, to set aside transfers of real property as fraudulent conveyances under the Debtor and Creditor Law, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated April 27, 2012, as granted the plaintiffs motion, in effect, for summary judgment to set aside certain conveyances of real property as fraudulent, denied their cross motion to vacate a default judgment entered in another action, with leave to renew in that action, and denied their application for an adjournment in order to submit a reply on that cross motion.
Ordered that the notice of appeal from so much of the order as denied the defendants’ application for an adjournment is treated as an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see CPLR 5701); and it is further,
Ordered that the order is affirmed insofar as appealed from, with costs.
After the plaintiff sent notice of her intention to pursue an action against Astel Group, Inc. (hereinafter Astel), to recover damages for personal injuries she sustained on Astel’s property, the defendants Roman Mosejczuk and Grezegorz Pasternak, as principals of Astel, arranged for Astel to convey that property and other property it owned, without consideration, to the de *653 fendants A. Canterpass, LLC (hereinafter Canterpass), and Theodore Tesla, LLC (hereinafter Tesla), companies of which Mosejczuk and Pasternak were also principals, and dissolved Astel. After Astel failed to answer or appear in the plaintiffs personal injury action against it, the plaintiff obtained a default judgment against it and another company in the sum of $220,747.25.
The plaintiff then commenced the instant action against Canterpass, Tesla, Mosejczuk, and Pasternak, seeking, inter alia, to set aside the conveyances of real property by Astel to Canterpass and Tesla as fraudulent conveyances under the Debtor and Creditor Law. In response to the plaintiffs motion, in effect, for summary judgment on her causes of action to set aside those conveyances, the defendants cross-moved to vacate Astel’s default in the personal injury action. After the plaintiff opposed that cross motion, the Supreme Court granted the plaintiffs motion, in effect, for summary judgment to set aside the conveyances as fraudulent, denied the defendants’ cross motion to vacate the default in the personal injury action, with leave to renew in that action, and denied the defendants’ request for an adjournment in order to submit a reply on the cross motion.
The defendants’ cross motion to vacate the default judgment against Astel in the plaintiff’s personal injury action was properly denied with leave to renew in that action, as “[a] motion for relief from a default judgment must be brought in the original action or proceeding” (Matter of Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 83 AD3d 1060, 1061 [2011]). Moreover, the denial of the defendants’ request for an adjournment in order to submit a reply on the cross motion was not an improvident exercise of the court’s discretion (see Matter of Steven B., 6 NY3d 888, 889 [2006]; Matter of Anthony M., 63 NY2d 270, 283 [1984]).
The plaintiff made a prima facie showing that she was entitled to judgment as a matter of law on her cause of action to set aside the conveyances as fraudulent pursuant to Debtor and Creditor Law § 276, and the defendants failed to raise a triable issue of fact. The plaintiff submitted clear and convincing evidence establishing that the conveyances of the properties at issue by Astel to Canterpass and Tesla were made with the intent to hinder, delay, or defraud her ability to collect on her claim against Astel. There was evidence that the conveyances were made shortly after the plaintiff sent her second notice to Astel of her intent to pursue her claim for personal injuries arising out of an accident at Astel’s property. In addition, the convey *654 anees were made for no consideration, and the principals of the transferor, Astel, are also principals of the transferees, Canterpass and Tesla, such that the same individuals had ownership and control over the conveyed properties, before and after the conveyances.
Based on these “badges of fraud,” and the defendants’ failure to proffer any legitimate explanation for the conveyances, the defendants’ actual fraudulent intent is readily inferrable, and the plaintiff is entitled to a judgment setting those conveyances aside under Debtor and Creditor Law § 276 (Pen Pak Corp. v LaSalle Natl. Bank of Chicago, 240 AD2d 384, 386 [1997]; see Kreisler Borg Florman Gen. Constr. Co., Inc. v Tower 56, LLC, 58 AD3d 694, 696 [2009]; Matter of CIT Group/Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership, 25 AD3d 301, 303 [2006]; B.M.H. Mgt., Inc. v 81 & 3 of Watertown, Inc., 13 AD3d 1182 [2004]; Jensen v Jensen, 256 AD2d 1162 [1998]; Dillon v Dean, 236 AD2d 360 [1997]; Marine Midland Bank v Murkoff, 120 AD2d 122 [1986]).
Accordingly, the Supreme Court properly granted the plaintiffs motion, in effect, for summary judgment to set aside the conveyances as fraudulent, denied the defendants’ cross motion to vacate the default in the personal injury action, with leave to renew in that action, and denied the defendants’ request for an adjournment in order to submit a reply on the cross motion.
In light of our determination, we need not address the parties’ remaining contentions.
Dillon, J.E, Balkin, Chambers and Cohen, JJ., concur.