Haines v West (2019 NY Slip Op 07186)





Haines v West


2019 NY Slip Op 07186


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND TROUTMAN, JJ.


899 CA 19-00269

[*1]PETER L. HAINES AND MINNIE H. BRENNAN, AS CO-EXECUTORS OF THE ESTATE OF PATRICIA S. HAINES, DECEASED, PLAINTIFFS-RESPONDENTS,
v
HOLLY WEST, ALSO KNOWN AS HOLLY W. WEST, AND WILLIAM J. HURLBURT, INDIVIDUALLY, AND DOING BUSINESS AS MILTON R. HURLBURT, DEFENDANTS-APPELLANTS. 






CARMEL, MILAZZO & DICHIARA LLP, NEW YORK CITY (CHRISTOPHER P. MILAZZO OF COUNSEL), FOR DEFENDANT-APPELLANT HOLLY WEST, ALSO KNOWN AS HOLLY W. WEST. 
SHULTS & SHULTS, HORNELL (DAVID SHULTS OF COUNSEL), FOR DEFENDANT-APPELLANT WILLIAM J. HURLBURT, INDIVIDUALLY, AND DOING

 


 Appeals from an order and judgment (one paper) of the Supreme Court, Steuben County (Daniel J. Doyle, J.), entered July 17, 2018. The order and judgment granted plaintiffs' motion for summary judgment. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs and the motion is denied.
Memorandum: Plaintiffs commenced this action seeking, inter alia, to set aside as a fraudulent conveyance a default judgment entered against defendant Holly West, also known as Holly W. West, in favor of defendant William J. Hurlburt, individually and doing business as Milton R. Hurlburt. Defendants now appeal from an order and judgment that granted plaintiffs' motion for summary judgment on the third and fourth causes of action, for violations of Debtor and Creditor Law § 276 and for attorneys' fees under section 276-a, respectively. We reverse.
Debtor and Creditor Law § 276 provides that "[e]very conveyance made and every obligation incurred with actual intent . . . to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." To meet his or her initial burden in moving for summary judgment with respect to a section 276 cause of action, a plaintiff must establish the requisite intent to hinder, delay, or defraud by "clear and convincing evidence" (Jensen v Jensen, 256 AD2d 1162, 1163 [4th Dept 1998]). "[B]ecause direct evidence of fraudulent intent is often elusive, courts will consider badges of fraud which are circumstances that accompany fraudulent transfers so commonly that their presence gives rise to an inference of intent" (A & M Global Mgt. Corp. v Northtown Urology Assoc., P.C., 115 AD3d 1283, 1288 [4th Dept 2014] [internal quotation marks omitted]).
We agree with defendants that plaintiffs failed to meet their initial burden with respect to the section 276 cause of action because they did not eliminate triable issues of fact with respect to defendants' alleged fraudulent intent. We note that "the presence of one or more badges of fraud does not necessarily compel the conclusion that a conveyance is fraudulent" (id. at 1288-[*2]1289; see Skiff-Murray v Murray, 17 AD3d 807, 811 [3d Dept 2005]). Here, "[a]lthough the submitted facts establish . . . badges of fraud' indicative of fraudulent intent . . . , they fail to establish defendant[s'] fraudulent intent as a matter of law" (Taylor-Outten v Taylor, 248 AD2d 934, 935 [4th Dept 1998]).
We further conclude that, inasmuch as triable issues of fact exist with respect to defendants' actual intent to hinder, delay, or defraud, plaintiffs also failed to establish their entitlement to an award of attorneys' fees pursuant to Debtor and Creditor Law § 276-a (see id.; cf. Posner v S. Paul Posner 1976 Irrevocable Family Trust, 12 AD3d 177, 179 [1st Dept 2004]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court